305 So.2d 819 (1975)
STATE of Florida, Appellant,
v.
Marion Lee HAYES, Appellee.
STATE of Florida, Appellant,
v.
Terry C. WILLIAMS, Appellee.
Nos. V-453 and V-477.
District Court of Appeal of Florida, First District.
January 6, 1975.
*820 Robert L. Shevin, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellant.
J.B. Murphy Jr., Barksdale & Murphy, Pensacola, for appellees.
PER CURIAM.
The State seeks reversal of an order granting appellees' motion to suppress evidence obtained through an unlawful search, and the appellees, by cross-assignment of error, seek reversal of the order denying their motion to dismiss.
We have heard oral arguments in this cause and have carefully examined the record on appeal and the briefs submitted by the parties. It is our conclusion that the trial judge was eminently correct in granting the motion to suppress evidence unlawfully seized through the guise of a subpoena duces tecum, and we quote with approval his explanatory ruling thereon:
"The taking of the records from the offices of the respondents named in the questioned subpoena duces tecum clearly cannot be justified on the ground that Mrs. Allemann was arrested there and therefore the search was incident to a lawful arrest. The search was clearly too broad for a search incident to an arrest. Chimel v. California [395 U.S. 752, 89 S.Ct. 2034], 23 L.Ed.2d 605 (1969); Vale v. Louisiana [399 U.S. 30, 90 S.Ct. 1969], 26 L.Ed.2d 409 (1907).
"The books and records were not brought to the office of an Assistant State Attorney as commanded by the subpoena, they were clearly seized and transported there by law officers. It is presumed that the records seized by subterfuge are still in the office of the State Attorney.
"The Court specifically holds that the issuance of a subpoena duces tecum in this case was a subterfuge for searching and seizing the papers of the Defendants, *821 was a fishing expedition to obtain evidence otherwise not within reach by lawful means to ascertain the existence of documentary evidence, and an effort to ascertain whether something of value to criminal prosecution may show up.
"To quote from State ex rel Martin v. Mitchell [Mitchell] 188 So.2d 684 (Fla. DCA, 1966), as quoted in Imparato v. Spicola, 238 So.2d 503, 511 (Fla. DCA 1970), `The vigor of the State Attorney in the use of the process of the court should be sustained and commended in all instances except where the rights of others are impaired or denied. (Emphasis supplied.)' The rights of others have been impaired and denied in the issuance of this subpoena duces tecum. See Imparato v. Spicola, supra, and Mancusi v. DeForte, 329 [392] U.S. 364, 20 L.Ed.2d 1154, 88 S.Ct. 2120 (1968)."
There is ample evidence in the record that the issuance, service and execution of the subpoena did not comply with the law, nor did the handling of the documents after they were obtained comport with the terms of the subpoena itself. As noted by the trial judge, use of the process of the court in this manner will not be sanctioned. We affirm the Order granting appellees' motion to suppress.
The appellees have cross-assigned as error[1] the trial court's order denying their motion to dismiss those charges against them which in pertinent part provided: "... did unlawfully and feloniously, within the State of Florida, engage in business and offer for sale and/or sell securities without having first registered as a dealer or salesman... ." in violation of Florida Statute 517.12(1), 1971. Florida Statute 517.02(3), 1971, defines "sale" or "sell" to include: "... every disposition or attempt to dispose of a security or interest in a security for value ... `Sale' or `sell' also includes ... a solicitation of a sale... ."
Appellees urge that Florida Statute 517.12(1), 1971, applies only to dealings within the State of Florida and that the legislature, realizing that this statute did not cover situations where sales were made to non-resident individuals, amended the statute in 1973, effective October 1, wherein it provided, inter alia, as follows: "No dealer or salesman shall engage in business or sell any securities in or from offices in this state... ." Appellees then reason that the state is, in actuality, prosecuting them for offenses allegedly committed prior to the effective date of the act. We do not agree.
The subject informations were filed on the 11th day of September, 1973, therefore, Florida Statute 517.12(1), 1971, is applicable. The informations clearly charge that appellees did "... unlawfully and feloniously, within the State of Florida, engage in business and offer for sale and/or sell securities without having first registered as a dealer... ." The offense alleged is that appellees, while within the State of Florida, engaged in the business of offering for sale or selling securities without first having been registered. Thus the alleged crime hinges upon whether appellees were unlawfully engaged in such business. The fact that the sales were being offered or made to out-of-state residents does not repeal the prohibition of conducting such business while within the State of Florida.
Affirmed.
RAWLS, C.J., JOHNSON, J., and SPECTOR, SAM, Associate Judge (Retired), concur.
NOTES
[1] The state did not respond to this cross-assignment of error in a reply brief. Such derelictions place an uncalled for burden upon this Court in its efforts to maintain a high standard of jurisprudence in this jurisdiction.