**SIMMS INVESTMENT COMPANY, a North Carolina Corporation, Plaintiff,**

v.

**E.F. HUTTON & COMPANY INC. a Delaware Corporation, and A.L. & E. Operating Company, an Oklahoma Corporation, Defendants.**

**Civ. A. No. C–87–643–WS.**

United States District Court, M.D. North Carolina, Winston–Salem Division.

Nov. 15, 1988.

Wesley Bailey, Winston–Salem, N.C., and Martin E. Fletcher, Sr., Fort Wayne, Ind., for plaintiff.

William K. Davis and D. Anderson Carmen, Winston–Salem, N.C., and Daniel T. Flaherty, Washington, D.C., for E.F. Hutton & Co.

Daniel R. Taylor, Jr., Winston–Salem, N.C., and Jennifer A. Ostrom, Danver, Colo., for A.L. & E. Operating Co.

## MEMORANDUM OPINION

GORDON, Senior District Judge:

This matter comes before the court on plaintiff's motion to reconsider the ORDER entered 9 June 1988 in which the court dismissed Count II of Plaintiff's Amended Complaint. *Simms Inv. Co. v. E.F. Hutton & Co.*, 688 F.Supp. 193 (M.D.N.C. 1988). Defendants have filed a brief in opposition and have moved the court to award costs and to impose sanctions under Federal Rule of Civil Procedure 11. The court will dispense with oral argument because the facts and legal contentions are adequately presented in the voluminous materials before the court and argument would not aid the decisional process. After considering these materials, the court will grant plaintiff's motion and deny defendants' motion.

## RECONSIDERATION

Plaintiff Simms Investment Company (Simms) seeks reconsideration on two grounds: (1) The court erred in law when it determined that a "conflict of laws" issue

existed; and (2) the court erred in law when it determined that Simms could not base its claim upon rights granted by the Colorado Securities Act. Because the court concludes that it erroneously determined that a conflict of laws problem was presented, the court will not address Simms' comity argument.

■ Defendants' assertion that the doctrine of law of the case bars the court from reconsidering its decision has no merit. The doctrine is one of policy and will be disregarded in the discretion of the court to prevent "manifest injustice." *Denton v. Ellis*, 258 F.Supp. 223, 230 (E.D.N.C. 1966) (citation omitted). According to Moore, "[a] Court that makes a decision has the *power* to reconsider it, so long as the case is within its jurisdiction.... Prejudgment orders remain interlocutory and can be reconsidered at any time...." 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* ¶ 0.404[1] (2d ed. 1988) (footnotes omitted, emphasis in original). The court will exercise its discretion and reconsider its ORDER of 9 June 1988.

■ The court has firmly concluded that the securities laws of two or more states may be applicable to a single transaction without presenting a conflict of laws question. This conclusion is in accord with persuasive authority and secondary sources. *Lintz v. Carey Manor Ltd.*, 613 F.Supp. 543 (W.D.Va. 1985) (potential application of more than one state securities law does not create conflict of laws problem); Unif. Securities Act § 414, Comment 2, 7B U.L.A. (1958) (act anticipates situation where more than one state statute will apply to transaction); Unif. Securities Act § 801, Comment 2, 7B U.L.A. (Supp. 1985) (same); 12 J. Long, *Blue Sky Law* §§ 3.01, n. 2.2, 3.02[1], n. 13 (rev. ed. 1988) (adopting *Lintz* rationale); L. Loss, *Fundamentals of Security Regulation* 20 (2d ed. 1988) (same); Loss, *The Conflict of Laws and the Blue Sky Laws*, 71 Harv.L.Rev. 209 (1957) (anticipates situation where multiple state securities statutes apply to a transaction). Re-

cently Professors Long and Loss, noted Blue Sky law authorities, have explicitly approved of the *Lintz* holding. 12 J. Long, *supra;* L. Loss, *supra.* The court considers this new information sufficient to grant reconsideration to correct an error of law. *See Jane Doe "A" v. Special School Dist.*, 682 F.Supp. 451, 459 (E.D.Mo. 1988) (function of reconsideration motion is to correct error of law and to present newly discovered evidence). The court commends counsel for both parties for their patience and effort in resolving this unique issue in a complex area of the law.

■ Overlapping state securities laws do not present a classic conflict of laws question. Blue Sky laws protect two distinct public policies. First, the laws protect resident purchasers of securities, without regard to the origin of the security. Second, the laws protect legitimate resident issuers by exposing illegitimate resident issuers to liability, without regard to the markets of the issuer. "The states' efforts to advance these interests will always overlap when securities transactions cross state lines. The states' interests can be protected without preventing other states from protecting their own interests." McClard, *The Applicability of Local Securities Acts to Multi-State Securities Transactions*, 20 U. Rich. L.Rev. 139, 141 (1985).[1]

An example may illustrate the foregoing analysis. Suppose a North Carolina resident brought an action against a defendant alleging fraud under state securities laws. The "offer to sell" the security was "made" in North Carolina and the security was bought in Colorado. Because jurisdictional requirements have been satisfied, the securities laws of both Colorado and North Carolina would apply. North Carolina is interested in protecting its defrauded citizen and Colorado is interested in eliminating a base of fraudulent operations located within its borders. Each state's interest is vindicated by permitting the plaintiff to pursue multiple theories, as long as he is

---

**1.** The court recognizes the fact that the author was also co-counsel for the plaintiff, Lintz, in the *Lintz* case.

limited to a single recovery based upon a finding of liability.[2]

■ The situation created when two state securities law apply to a transaction should be viewed more as an election of remedies, rather than a potential conflict of laws problem. This characterization serves several public policy goals. First, the decision obviates the need to enter the labyrinth of ever-shifting conflict of laws jurisprudence. Second, the decision comports with legislative directives to apply state securities statutes in prescribed situations. Third, the "territorial nexus" requirement eliminates any threat of forum shopping. Finally, the decision provides a logical and coherent analysis which will provide both issuers and purchasers of securities notice of which state(s) law is applicable to a given transaction.

■ Because the court has concluded that no conflict of laws problem exists, the next step in the analysis is to determine whether the questioned transaction has a sufficient territorial nexus with Colorado so as to permit the application of its securities law. Simply stated, does the transaction fall within the scope of the Colorado Securities Act?[3] There are three jurisdictional requirements for invoking the Colorado Blue Sky laws. First, there must be an "offer" or "sale." Second, the transaction must involve a "security." Finally, the transaction must take place within the state.

In its earlier opinion, the court denied Defendants' 12(b)(6) motion to dismiss Simm's claim under Colorado law. *Simms,* 688 F.Supp. at 195. The court held that Simms alleged "that the offer, acceptance, or both offer and acceptance occurred in Colorado." *Id.* Both parties apparently agree that the ALE/Simms joint venture is a "security." Thus, Simms has alleged a

sufficient territorial nexus between the questioned transaction and the state of Colorado. Whether Simms will be able to substantiate its allegations is a matter for future determination.

### RULE 11 SANCTIONS

The Defendants' motion for costs and sanctions is without merit. Because the court has reconsidered its decision pursuant to Simms' motion, there is no basis upon which to impose sanctions. *See O.N. E. Shipping v. Flota Mercante Grancolombiana, SA.,* 830 F.2d 449, 454 (2d Cir. 1987), *petition for cert. filed,* —— U.S. ——, 109 S.Ct. 303, 102 L.Ed.2d 322 (1988).

### CONCLUSION

For the foregoing reasons, it is concluded that the plaintiff's motion for reconsideration should be granted and Count II based upon the Colorado Securities Act should be reinstated, and the Defendants' motion for costs and sanctions should be denied. Accordingly, an order will be entered.

---

2. The fact that North Carolina law provides a shorter statute of limitations than does Colorado does not alter this interest analysis. *Lintz,* 613 F.Supp. at 551 ("I see no reason why a conflicts of law problem develops if one Blue Sky law ... has a shorter statute of limitations....").

3. Colorado adopted the Uniform Securities Act, but omitted a critical part of its territorial sec-

tion. *Compare* Colo. Rev. Stat. § 11–51–127 (1981) *with* Unif. Securities Act § 414(c), 7B U.L.A. (1958). Section 414(c) defines where an offer and acceptance are made. Yet, Blue Sky laws with similar deficiencies have been applied liberally. *See, Lintz,* 615 F.Supp. at 551; *Rio Grande Oil & Gas Co. v. State,* 539 S.W.2d 917 (Tex.Civ.App. 1976); *State v. Hayes,* 305 So.2d 819 (Fla.Dist.Ct.App. 1975).