724 F.Supp. 694 (1989)
Matthew A. LUMIA, Plaintiff,
v.
ROPER PUMP COMPANY, Defendant.
No. C88-4553-DLJ.
United States District Court, N.D. California.
July 28, 1989.
*695 John B. Hallbauer, San Pablo, Cal., for plaintiff.
Joanne Dellaverson, Schachter, Kristoff, Ross, Sprague & Curiale, San Francisco, Cal., Bennet D. Alsher, Clark, Paul, Hoover & Mallard, Atlanta, Ga., for defendant.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
JENSEN, District Judge.
Defendant's motion for summary judgment was heard by the Court on July 5, 1989. John B. Hallbauer appeared for plaintiff. Joanne Dellaverson of Schacter, Kristoff, Ross, Sprague & Curiale appeared for defendant.
Plaintiff's action arises out of the termination of his sales representative contract with defendant in September, 1986. Plaintiff alleges causes of action for wrongful discharge, age discrimination, breach of an implied-in-fact contract and breach of the implied covenant of good faith and fair dealing.
After reviewing the briefs submitted by the parties, the oral argument of counsel and the applicable legal standards, the Court hereby GRANTS defendant's motion for summary judgment.

I.
Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law."
In a motion for summary judgment, "[i]f the party moving for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrates the absence of any genuine issues of material fact," the burden of production then shifts so that "the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, `specific facts showing that there is a genuine issue for trial.'" T.W. Electric Service, Inc. v. Pacific Elec. Contractors, 809 F.2d 626, 630 (9th Cir.1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); Kaiser Cement Corp. v. Fischbach & Moore, Inc., 793 F.2d 1100, 1103-04 (9th Cir.), cert. denied, 479 U.S. 949, 107 S.Ct. 435, 93 L.Ed.2d 384 (1986)) (emphasis in original). Summary judgment may issue "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 106 S.Ct. at 2553-54.
Under this standard, the Court finds that there is no genuine issue regarding the following material facts. Defendant, a pump manufacturer, hired plaintiff as its western states district sales representative in 1967. Plaintiff entered into a written contract with Roper in 1967. Between 1967 and 1986, plaintiff executed several different versions of this sales representative agreement. The final agreement between the parties was signed in March, 1986, and includes clauses stating that: (1) the terms of the contract are subject to interpretation under Georgia law; (2) the agreement may be terminated by either party with 60 days notice; and (3) plaintiff is an independent contractor.
In July, 1986, plaintiff was informed that his contract with Roper was being terminated as of September, 1986. Plaintiff was sixty years old when his contract was terminated. Plaintiff filed a complaint with the California Department of Fair Employment and Housing alleging age discrimination. The DFEH did not accept plaintiff's *696 complaint and issued a "right to sue" letter on July 15, 1987. On March 17, 1988, plaintiff filed the present case alleging causes of action for: (1) common law wrongful discharge based on age discrimination; (2) age discrimination in violation of California Government Code section 12941; (3) breach of an implied-in-fact contract not to discharge without good cause; and (4) breach of the implied covenant of good faith and fair dealing.
On November 14, 1988, defendant removed the action to this Court on the basis of diversity jurisdiction. Defendant now moves for summary judgment.

II.
The final contract executed by the parties in 1986 states that "[t]his agreement shall be interpreted and construed in accordance with the laws of the state of Georgia. 1986 Agreement at Paragraph 23. Defendant contends that this clause obligates the Court to apply Georgia law in interpreting the terms of the agreement between the parties. Plaintiff argues that the enforcement of paragraph 23 would be "unreasonable" and "an evasion of settled public policy" within California protecting the rights of workers. Plaintiff contends that the placement of the Georgia choice of law provision into the final contract was part of a deliberate attempt by defendant to wrongfully terminate plaintiff and have this action judged under more conservative Georgia case law.
In determining what state's law should apply in diversity cases, a federal court must look to the choice of law rule of the state where the district court is situated. Developers Small Business Investment Corp. v. Hoeckle, 395 F.2d 80, 83 (9th Cir.1968). California courts generally will uphold a choice of law provision absent substantial prejudice and injustice to a party to an adhesion contract. Bos Material Handling, Inc. v. Crown Controls Corp., 137 Cal.App.3d 99, 108, 186 Cal.Rptr. 740 (1982) (cases cited therein).
In the present case, it does appear that California law will provide plaintiff with more potential remedies than exist under Georgia case law. Yet, the parties entered into an agreement expressly stating that Georgia law will be used to interpret the terms of the agreement and it is not clear that this is a contract of adhesion. The Court is therefore faced with a discretionary legal decision. However, for purposes of deciding the present motion, the Court finds that it is not necessary to resolve this conflict of laws issue. Although it appears that the sales representative contract clearly expresses the parties' intent to have Georgia law control the interpretation of the contract, as outlined below, application of either state's law results in the same legal conclusion. Accordingly, the Court declines to decide this issue.

III.
The standard in California for determining if an employee-employer or independent contract relationship exists is whether the individual or the employer controls "the manner and means by which the work is to be performed." Societa Per Azioni De Navigazione Italia v. City of Los Angeles, 31 Cal.3d 446, 183 Cal.Rptr. 51, 645 P.2d 102 (1982). "If control may be exercised only as to the result of the work and not the means by which it is accomplished, an independent contractor relationship is established." Societa Per Azioni, 31 Cal.3d at 458, 183 Cal.Rptr. 51, 645 P.2d 102. Other factors the California courts look to when making this decision include: whether or not the one employed is engaged in a distinct occupation; skill required for the occupation; whether the workman supplies the instrumentalities, tools and the place of work; the length of time the person is employed; the method of payment, by time or result; whether or not the work is part of the regular business of the employer; what is the intent or belief of the parties; and whether the principal is or is not in business. Tieberg v. Unemployment Ins. Appointment Board, 2 Cal.3d 943, 950 n. 4, 88 Cal.Rptr. 175, 471 P.2d 975 (1970). These factors are secondary to the prime consideration of who controls the manner and means by which the work is accomplished.
*697 Under Georgia law, the independent contractor test is very similar. The main factor Georgia courts consider is whether "the contract gives, or the employer assumes the right to control the time, manner and method of executing the work as distinguished from the right merely to require certain results." Oxford v. Tom Huston Peanut Co., 102 Ga.App. 714, 118 S.E.2d 204, 212-213 (1960).
Plaintiff claims that because the sales agreement required plaintiff to spend approximately eighty percent of his working hours selling Roper products, Lumia never made any "key decisions" without first contacting Roper management, and Roper sent a representative to observe Lumia calling on his customers once a year, the Court should find that Lumia was not an independent contractor. These facts, even if accepted as being undisputed, do not, as a matter of law, require the Court to adopt plaintiff's position.
The agreement between the parties expressly states that Lumia had complete control over the manner in which he solicited orders for defendant. The March, 1986 agreement states that:
[t]he method of operation, including the manner of solicitation, establishment of offices, and the hiring and compensation of any employees and subagents of the District Sales Representative and the like shall be determined by the District Sales Representative.
March, 1986 Agreement at Paragraph 3.
In addition, plaintiff was paid on a commission basis. Roper set sales quotas for plaintiff, but the extent of Lumia's compensation depended mainly on his skill and diligence. He set up his office operations, decided what hours he worked and what type, if any, of support staff he utilized. Lumia paid his own overhead expenses. Lumia was permitted to use defendant's name to solicit business, but could not use the trade name or bind Roper in any other manner. While under contract with Roper, Lumia was party to similar sales agreements with other manufacturers. This was permitted under his contract with Roper as long as Lumia did not contract with their direct competitors. Moreover, paragraph 10 of the March 10, 1986 agreement expressly states that "the District Sales Representative is carrying out this Agreement as an independent contractor and not as an employee or agent of Roper."
The Court is convinced that plaintiff was not an employee under the parties' agreement. It is clear, under either California or Georgia law, that based on the freedom given to plaintiff to conduct his business and the intent of the parties, as shown by the express provisions of the sales agreement, that Lumia was an independent contractor as a matter of law.

IV.
Given the Court's ruling that plaintiff was an independent contractor, defendant's motion for summary judgment should be granted as to all of plaintiff's causes of action.
A. Age Discrimination  Plaintiff claims that defendant violated common law and California Government Code section 12941 by terminating their relationship with him on the basis of age.
i) Common Law Claim  Plaintiff alleges a common law cause of action for "wrongful discharge" on the basis of age discrimination. No such cause of action exists under either California or Georgia law. Strauss v. A.L. Randall Co., Inc., 144 Cal.App.3d 514, 194 Cal.Rptr. 520 (1983) (common law discrimination claims preempted by California Fair Employment and Housing Act).
ii) Statutory Claim  Defendant contends that it is not subject to the restrictions of section 12941 because as an independent contractor, Lumia is not an employee under California's anti-discrimination statute. Defendant's position is correct.
The California Administrative Code states that for purposes of the California Fair Employment and Housing Act, "[e]mployee does not include an independent contractor as defined in Labor Code section 3353." Cal.Admin.Code tit. 2, § 7286.5(b)(1).
*698 Labor Code section 3353 defines an independent contractor as one:
who renders service for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished.
Cal.Lab.Code § 3353.
Based on the Court's determination that plaintiff was an independent contractor under California law, the Court finds that Lumia does not have standing to maintain an age discrimination claim under section 12941.
Therefore, defendant's motion for summary judgment is hereby GRANTED as to plaintiff's wrongful discharge and statutory age discrimination claims.
B. Breach of an Implied-in-Fact Contract  This claim is not actionable absent an employee-employer relationship. See Foley v. Interactive Data Corp., 47 Cal.3d 654, 254 Cal.Rptr. 211, 765 P.2d 373 (1988); Pugh v. See's Candies, Inc., 116 Cal.App.3d 311, 326-327, 171 Cal.Rptr. 917 (1981). Accordingly, defendant's motion for summary judgment is hereby GRANTED as to this cause of action.
C. Breach of the Implied Covenant of Good Faith and Fair Dealing  To state a valid claim under this common law theory, plaintiff must demonstrate that a special relationship exists between the parties to the contract. Foley, 254 Cal. Rptr. at 211, 765 P.2d at 373. Plaintiff fails to make a sufficient showing to support a finding that such a relationship exists between himself and Roper Pump. Therefore, defendant's motion for summary judgment is hereby GRANTED as to this cause of action.

V.
Therefore, defendant's motion for summary judgment is hereby GRANTED.
IT IS SO ORDERED.