**WMA SECURITIES, INC., Plaintiff**

v.

**Dean WYNN, et al., Defendants**

**No. C–1–99–278.**

United States District Court,
S.D. Ohio,
Western Division.

June 7, 2000.

---

834

Kevin Robert McDermott, Schottern-stein Zox & Dunn-2, Columbus, OH, for WMA Securities Inc.

Joel A. Goodman, Kalju Nekvasil, Good-man & Nekvasil PA, Clearwater, FL, for Dean Wynn, Margaret Wynn, Quentin Fields.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon the Reports and Recommendations of the United States Magistrate Judge (doc. nos. 39 and 40), plaintiff's Motions for Review of Reports and Recommendations (doc. nos. 46 and 47) and defendants' memoranda in opposition to plaintiff's Motions to Review (doc. nos. 49 and 50).

In the Report and Recommendation filed February 23, 2000 (doc. no. 39), the Magistrate Judge recommended that plaintiff's Motion to Vacate Arbitration Award (with respect to the award of attorneys' fees) (doc. 30) be denied and that plaintiff's Motion to Confirm Award (in relation to the arbitrator's letter of June, 1999 which requested defendant Quentin Fields to return the securities to plaintiff WMA) (doc. 29) be denied as moot because the letter did not constitute an award subject to confirmation.

In the Report and Recommendation dated February 28, 2000 (doc. no. 40), the Magistrate Judge concluded that (1) the arbitration award to defendant Quentin Fields was not contested and therefore was not in issue, and (2) defendants Dean Wynn and Margaret Wynn were "customers" of plaintiff WMA and the arbitration panel therefore had jurisdiction over their

dispute with WMA. The Magistrate Judge therefore recommended that the Motion of the Wynns to Confirm the Arbitration Award (doc. 6) be granted.

Plaintiff objects to the Judge's Reports and Recommendations on the grounds that his findings are contrary to law. Plaintiff raises the following specific objections with respect to the February 23, 2000 Report and Recommendation: (1) The Report and Recommendation was premature because the Magistrate Judge issued it before WMA had submitted its reply in support of its Motion to Vacate Arbitration Award of Attorney's Fees; (2) The parties did not agree to arbitrate the issue of attorney's fees, NASD Rules do not authorize arbitrators to award attorney's fees, the award was based on defendant's rescission claims and attorney fees cannot be awarded as relief for a rescission claim, and the Magistrate Judge failed to address several of plaintiff's arguments (i.e., attorney's fees are not recoverable under the Securities Act, the Securities Exchange Act, and Ohio's Blue Sky Laws); and (3) The arbitration panel's June 8, 1999 statement to the effect that it was the decision of the panel that its award "be based on the claimants' recission (sic) claim" and "the security shall be returned to [WMA]" was a proper clarification of the arbitration award which is not prohibited under the *functus officio* doctrine. Plaintiff raises the following objections to the February 28, 2000 Report and Recommendation: (1) The arbitration panel did not have jurisdiction over this dispute because the Wynns were not customers of WMA, and (2) The Magistrate Judge erred in his determination to the contrary because he improperly relied on his prior Order of December 16, 1999, in which he applied the incorrect standard of review by deferring to the arbitration panel's finding of jurisdiction and as to which he had not yet ruled on WMA's objections to the Order; the Magistrate Judge did not review any evidence of arbitrability; and the Magistrate Judge decided the jurisdictional issue before WMA had the opportunity to properly submit evidence and argument.

■ Upon a *de novo* review of the record, especially in light of plaintiff's objections, the Court agrees with the Magistrate Judge's determination in the February 23, 2000 Report and Recommendation that the arbitration panel's award of attorney's fees should not be vacated. WMA contemplated an award of attorney's fees to be within the scope of the arbitration by submitting its own request for fees to the panel. The Court finds WMA's objections that the Report and Recommendation was premature and that the Magistrate Judge failed to address several of its arguments are not grounds for rejecting the Report and Recommendation. WMA has had ample opportunity to present its arguments to this Court. The arguments presented do not support vacating the award of attorney's fees.

■ After conducting a *de novo* review of the record, the Court agrees with the Magistrate Judge's determination in the February 23, 2000 Report and Recommendation that the arbitration panel's June, 1999 letter does not qualify as a clarification to the arbitration panel's award and is therefore of no legal force and effect under the *functus officio* doctrine. The doctrine provides that when "arbitrators have executed their award and declared their decision they are functus officio and have no power or authority to proceed further." *Teamsters Local 312 v. Matlack, Inc.*, 118 F.3d 985, 991 (3d Cir.1997)*(citing Mercury Oil Refining Co. v. Oil Workers Int'l Union*, 187 F.2d 980, 983 (10th Cir.1951)); *Green v. Ameritech Corp.*, 200 F.3d 967, 976 (6th Cir.2000). Exceptions to the doctrine are: "(1) an 'arbitrator can correct a mistake which is apparent on the face of his award'; (2) 'where the award does not adjudicate an issue which has been submitted, then as to such issue the arbitrator has not exhausted his function and it remains open to him for subsequent determination'; and (3) '[w]here the award, although seemingly complete, leaves doubt whether the submission has been fully exe-

cuted, an ambiguity arises which the arbitrator is entitled to clarify.'" *Green*, 200 F.3d at 977 (*citing La Vale Plaza, Inc. v. R.S. Noonan, Inc.*, 378 F.2d 569, 572 (3d Cir.1967)). Although some federal courts have questioned the continued validity of the doctrine, its viability has been acknowledged by the Sixth Circuit and by other federal courts. *See Green*, 200 F.3d at 976–77; *Matlack*, 118 F.3d at 991.

None of the above exceptions to the *functus officio* doctrine apply in this case. The arbitration panel's award contains no mistakes apparent on the face of the award, it does not leave open a submitted issue for adjudication, and it does not create an ambiguity. Rather, the award expressly states the compensatory damages, fees, and costs to which the claimants are entitled and does not provide for any additional relief. It is clear from WMA's motion to amend the award submitted to the abritration panel that WMA was not seeking clarification of the award but was asking for relief in addition to that provided in the award (see doc. 29, exh. 4). For these reasons, the Court agrees with the Magistrate Judge's determination that the June, 1999 letter stating that claimants shall return the security is a nullity and is not subject to confirmation.

Upon *de novo* review of the record, the Court also agrees with the Magistrate Judge's determination in the February 28, 2000 Report and Recommendation that the Wynns were customers of WMA and the arbitration panel therefore had jurisdiction over their dispute with WMA. Plaintiff's objections have been adequately addressed and properly resolved by the Magistrate Judge. The Court rejects WMA's position that the Magistrate Judge improperly relied on an earlier order, did not review any evidence of arbitrability, and decided the jurisdictional issue before WMA had the opportunity to properly submit evidence and argument. WMA has had the opportunity to present its arguments to this Court, and the Court has fully considered those arguments and finds them to be unpersuasive. Moreover, WMA has failed to identify any evidence which would support a finding that the arbitration panel lacked jurisdiction over the Wynns' dispute with WMA.

Accordingly, the Court hereby **ADOPTS AND INCORPORATES BY REFERENCE HEREIN** the Reports and Recommendations of the United States Magistrate Judge (doc. nos. 39 and 40). Plaintiff's Motion to Vacate Arbitration Award (with respect to the award of legal fees) (doc. no. 30) is **DENIED**; plaintiff's Motion to Confirm Arbitration Award (in relation to the letter of June, 1999 which requested Quentin Fields to return the securities to WMA) (doc. no. 29) is **DENIED AS MOOT**; and the Motion of the Wynns to Confirm the Arbitration Award (doc. no. 6) is **GRANTED.**

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

HOGAN, United States Magistrate Judge.

Before the Court is Plaintiff's Memorandum in Opposition to Defendant's Motion to Confirm Arbitration Award (Doc. 28), Plaintiff's Motion to Confirm Award (Doc. 29), Plaintiff's Motion to Vacate Arbitration Award (Doc. 30), Defendants' Reply Memorandum of Law in Support of Their Motion to Confirm Arbitration Award (Doc. 33) and Defendants' Memorandum in Opposition to the Plaintiff's Motion to Vacate Arbitration Award (Doc. 35). For the reasons which follow, the Arbitration Award of March, 1999 should be confirmed and not vacated. The attempted modification to the Arbitrator's Award of June, 1999 should be held to be void and of no legal effect. Quentin Fields should, in other words, keep the securities in question and not be required to return them to Plaintiff.

## THE ARBITRATION RESULTS

The claimants, Dean Wynn, Margaret Wynn and Quentin J. Fields, filed their Statement of Claim on January 28, 1998. After amendment of the claim and the

filing of Submission Agreements, the matter was put at issue by the filing of The Statement of Answer by WMA Securities, hereafter called WMA, on May 20, 1998. After pre-hearing conferences, the matter was heard on February 16, 17 and 18, 1999. Claimants sought an award of $283, 485.77, lost opportunity damages and rescission interest under the Ohio Securities Act, attorney fees, costs and punitive damages. WMA also sought costs and attorney fees. WMA, of course, sought dismissal of all claims.

The claimants brought claims for breach of contract, common law fraud, breach of fiduciary duty, negligence and gross negligence and alleged that WMA violated the Ohio Securities Act and Federal Securities laws. Some of these claims seek equitable relief, some of the claims seek an award of damages. The claimants alleged that WMA, acting through Scott Thomas Rothfuss, recommended that the claimants invest in unregistered and fraudulent promissory notes issued by First Lenders Indemnity Corporation, hereafter called FLIC. The claimants also alleged that WMA falsely represented that the promissory notes were conservative, safe investments and that the issuer had a highly successful track record. Claimants alleged that WMA failed to conduct a due diligence review of the promissory notes and failed to make material disclosures that FLIC, marketed by Rothfuss' supervisor, was a Ponzi scheme, that numerous state agencies had brought administrative actions against FLIC for selling unregistered securities and that the promissory notes in question were not registered. Claimants alleged that WMA was responsible for the actions of Rothfuss under the doctrine of respondeat superior, apparent authority and inherent agency power. Claimants alleged that WMA was a controlling person over the actions of Rothfuss, according to the Ohio Securities Act, and that WMA failed to supervise the actions of Rothfuss.

The arbitration panel found that although WMA did not file a properly executed submission to arbitrate with the NASD Regulation, Inc. Office of Dispute Resolution, WMA was "required to submit to arbitration pursuant to Rule 10301 of the NASD Code of Arbitration Procedure and is bound by a determination of the arbitration panel on all issues submitted." This jurisdictional argument was raised only in connection with the claim of the Wynns. It was undisputed that the panel had jurisdiction to hear and decide the claim of Quentin Fields because Fields was a customer of WMA.

The arbitration panel awarded damages in the amount of $199,000.00 to the Wynns, $65,500.00 to Quentin Fields, and awarded the sum of $80,000.00 to the claimants for costs and attorney fees.

## PLAINTIFF'S ARGUMENT

Plaintiff WMA seeks an order vacating the arbitrators' award in reference to attorney fees. Plaintiff argues that claimants' Amended Statement of Claim alleged violations under Sections 5(a) and 5(c) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a) and (c) and Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b). Plaintiff argues that since there is no provision for the recovery of attorney fees under either federal law, the award of attorney fees was improper. Plaintiff acknowledges that absent statutory authority for an award of attorney fees, that common law would authorize an award where there was a either a contractual duty or a finding of bad faith, neither of which is applicable.

 The claimants alleged that Plaintiff violated Sections 1707.41 and 1707.44, Ohio Revised Code, neither of which contains a provision for attorney fees. *See* Ohio Rev. Code § 1707.43. In the absence of statutory authorization or a finding of bad faith, the prevailing party may not recover attorney fees. See *Pegan v. Crawmer*, 79 Ohio St.3d 155, 679 N.E.2d 1129. Plaintiff argues that there have been no findings that it acted in bad faith, so the award of attorney fees by the arbitration panel was

improper. Plaintiff's last argument is support of its position that the arbitration panel violated the law in making an award of attorney fees is that no attorney fees can be granted on a rescission claim, but only a return of the consideration paid for the securities. See Section 12, Securities Act of 1933, 15 U.S.C. § 77*l*(a). Ohio Rev. Code § 1707.43 also provides for a return of the consideration paid, but does not permit the recovery of attorney fees. Ohio Rev.Code § 1707.43 does permit the recovery of costs, however, but Plaintiff seeks a remand to the panel because the award of costs was "vague." The claimants' petition for costs seeks reimbursement of $14,342,-55. The panel did not distinguish between costs and attorney fees, but simply made an award of $80,000.00 for both. Plaintiff says that when the incurred costs are added to the legal fees sought of $68,107.50, the resulting figure exceeds $80,000.00 and thus there is ambiguity as to the amount of costs awarded and further ambiguity as to the amount of attorney fees awarded.

## THE DEFENDANTS (CLAIMANTS') ARGUMENT

Claimants first argue that by jointly requesting an award of attorney fees, both Plaintiff and the claimants submitted the issue of attorney fees to the panel by agreement. The second argument advanced by the claimants is that under NASD Rules 10330(e) and 10332(c), arbitrators are authorized to award "damages and other relief," and the "other relief" includes attorney fees. See Prudential–Bache Sec., Inc. v. Tanner, 72 F.3d 234 (1st Cir.1995). The third argument is that an award of attorney fees is not required to be linked to a particular claim, but can be included in the expenses of arbitration. See Automated Tracking Systems, Inc. v. Great American Ins. Co., 130 Ohio App.3d 238, 719 N.E.2d 1036 (1998). The fourth argument is that by failing to object to the claimants' request for legal fees, Plaintiff has waived its right to object now. See Gateway Tech., Inc. v. MCI Telecomm. Corp., 64 F.3d 993 (5th Cir.1995). The fifth argument is that to vacate an arbitra-

tion award on the basis of manifest disregard of the law, it must be shown that the arbitrators knew the law and expressly disregarded it. Last, claimants argue that the arbitrators had authority to award attorney fees under the Florida securities laws, Section 517.211(6), Fla. Stat. (1997) because the unregistered securities were issued from Florida and sold to investors in other states. See State v. Hayes, 305 So.2d 819 (Fla.Dist.Ct.App.1975). Claimants find no vagueness in the arbitrators' award for costs and legal fees in the amount of $80,000.00. Because the panel had the authority to award both fees and costs, Plaintiff is not entitled to know the precise allocation, only that one or the other was limited by the panel. See Federated Dep't Stores, Inc. v. J.V.B. Indus.,Inc., 894 F.2d 862 (6th Cir.1990).

## SPECIFIC PERFORMANCE IN RELATION TO FIELDS

Although Plaintiff seeks the vacation of the arbitration award as it relates to the award of attorney fees, Plaintiff seeks to confirm the "award" as it relates to the ordered return of the securities held by Quentin Fields. The arbitration award of March 18, 1999, is silent in that there is no order directing Mr. Fields to do anything. However, in response to Plaintiff's Motion to Amend Award, the panel responded with a letter stating in pertinent part: "Regardless of the value, the security shall be returned to [MWA]." The Motion to Amend was filed by Plaintiff pursuant to Rule 10330 of the NASD Code of Arbitration Procedure, which states that "Unless the applicable law directs otherwise, all awards rendered pursuant to this Code shall be deemed final and not subject to review or appeal." There is no dispute that Fields received the letter and did not return the securities. It is, however, disputed that the award of $65,500.00 to Fields was based on his rescission claim. The post-award letter says that the award was based on the rescission claim, but the award itself is silent on that issue and the claimant raised six claims, only three of

which sought rescission as a remedy. It is undisputed that Plaintiff paid Fields $65,-500.00. Plaintiff cites numerous cases, all of which support the generally held concept that rescission is designed to put the purchaser in the same position he would have been in had the transaction not occurred. This would be accomplished, in Plaintiff's view, if Fields were in possession of the funds used to purchase the tainted securities and had returned those tainted securities to the purchaser.

Quentin Fields disagrees and the focal point of his disagreement is the June 8, 1999 letter which contains the order to return the securities. Fields views the letter and the language contained therein that "the security should be returned" as an illegal modification of the award and not as a clerical error or as a clarification or completion of an award. In other words, Fields views the June 8, 1999 letter from the panel as illegal under the *functus officio* doctrine, which prohibits the panel from issuing a new award which changes a previous award. *See Penn Ins. Co. v. Omaha Indem. Co.*, 943 F.2d 327 (3d Cir. 1991). Exceptions to the *functus officio* doctrine are completeness and clarification. The exception argued by WMA is that of clarification. Fields argues that what the panel did by its letter of June 9, 1999, was not a clarification of what had been decided, but an amendment to the original decision, prohibited by the *functus officio* doctrine.

The second argument that Fields makes is that when he presented his damage calculations to the panel, an $18,000.00 credit for the value of the investment at the time of arbitration was attributed to Plaintiff in calculating Plaintiff's damages three different ways. Fields says that Plaintiff raised no objection to the credit and made no argument that the securities should be returned to Plaintiff. Fields says that were the $18,000.00 set off not viewed as such, his damage award would have been higher. Fields, in other words, views the request that he return the securities as asking for a double credit. Fields then asserts that WMA waived its argument that Fields should return the securities by failing to object to the inclusion of the $18,000.00 credit and failing to argue to the panel that the securities should be returned. Support for this latter proposition comes from *National Wrecking v. International Bhd. of Teamsters*, 990 F.2d 957 (7th Cir.1993), and *Ralph Andrews Prods. v. Writers Guild of America, West*, 938 F.2d 128.

Although not directly addressed by Fields, he would certainly argue that Rule 10330 of the NASD Code of Arbitration Procedure has no application because, in his view, "the applicable law does not direct otherwise." In other words, the argument of Fields that the Arbitration Award cannot be lawfully modified includes Fields' position that modification by amendment is also precluded by the *functus officio* doctrine.

### OPINION

Notwithstanding the panel's authority to award attorney fees, whether or not the statutes upon which the claims are formulated authorize the granting of fees, the statutes are supplemented by the common law exceptions of contract and bad faith. In this case, both the claimants and Plaintiff requested an award of attorney fees. Such a joint request communicated to the panel that the issue of attorney fees was being submitted by agreement of the parties. An agreement of the parties is a justification for an award of attorney fees. It is manifestly inconsistent to request attorney fees and then to argue, after fees are awarded to the adverse party, that the panel lacked the power to award fees in the first place. In *Prudential–Bache Securities, Inc. v. Tanner*, 72 F.3d 234 (1st Cir.1995), the First Circuit affirmed an award of attorney fees with this comment:

> Although not noted by the court below, both parties requested attorney fees from the panel ..., suggesting that awarding fees was contemplated by the parties to be within the scope of the agreement to arbitrate.

In the *Prudential–Bache* case, it was argued that Rule 629(c) of the New York Stock Exchange did not authorize an award of attorney fees. In the instant case, it was argued that NASD Rules 10330(e) and 10332(c) did not authorize an award of attorney fees. The rules contain similar language. The rule in the cited case said that "the arbitrator may determine in the award the amount of costs and expenses of the parties ... and determine by whom such costs shall be borne." The NASD rule in the instant case refers to "damages and other relief." The *Prudential–Bache* Court found that attorney fees were contemplated by the phrase "expenses of the parties." We find the term "other relief" to be even broader and to encompass an award of attorney fees.

Plaintiff's position is that attorney fees, if unauthorized by the statutes upon which the claims are based, may not be awarded by a panel of arbitrators. In making this statement, Plaintiff assumes that the panel made its award exclusively on the claimants' rescission remedy on the federal and state securities law claims and the state claim for common law fraud. Plaintiff makes this assumption because of the panel's June, 1999 letter which so stated. However, the claimants also sought damages in relation to these claims. The claimants brought additional claims for breach of contract, breach of fiduciary duty and negligence, claims for which they did not seek the remedy of rescission. The March, 1999 Arbitration Award did not separate the claims and discuss on which claims the claimants prevailed and on which, if any, claims they were unsuccessful. This Court considers the June, 1999 letter to be a legal nullity and certainly not a modification of the March, 1999 Arbitrators Award because of the *functus officio* doctrine, which will be analyzed next.

The *functus officio* doctrine is that once an arbitrator has issued his final award, then he becomes *functus officio* (meaning "a task performed") and lacks the power to reconsider or amend. The policy which the doctrine is designed to address is to prevent review of a decision made by a non-judicial officer because of the danger of outside communication and unilateral influence. See *Domino Group, Inc. v. Charlie Parker Memorial Foundation,* 985 F.2d 417 (8th Cir.1993). The doctrine has exceptions and these are expressed in *Colonial Penn Ins. Co. v. Omaha Indemnity Co.,* 943 F.2d 327 (3rd Cir. 1991):

> An arbitrator (1) can correct a mistake apparent on the face of his award, including clerical mistakes and obvious mathematical calculations; (2) can adjudicate any issue submitted but not adjudicated in the award; and (3) may clarify an ambiguity where the award, although seemingly complete, leaves doubt whether the submission has been fully executed.

It is this Court's opinion that none of the above exceptions apply. The award contains no clerical mistakes. There is no issue that was submitted that was not completely adjudicated. There is nothing ambiguous in the language of the award.

Plaintiff, however, puts reliance upon Rule 10330, NASD Code of Arbitration Procedure, to assert a fourth exception to the functus officio doctrine and that exception is to permit the panel to amend the award to conform to applicable law. The applicable law that Plaintiff claims the arbitrators ignored is that one cannot both receive the value of the security and keep the security on a rescission claim. This reasoning is circular and ignores the fact that the claims of the claimants were not restricted to the rescission claims. Plaintiff needs the letter of June, 1999 to give life to this assertion and we have held that the letter is not an award and not a modification of an award. There being no ambiguity in the award, no clerical mistakes and no incompleteness, the letter of June, 1999 is a nullity, is void and of no legal effect because it is squarely within the parameters of the *functus officio* doctrine. The letter does not qualify as a clarifica-

tion because in the absence of an ambiguity, there is nothing to clarify.

**IT IS THEREFOR RECOMMENDED THAT:**

(1) Plaintiff's Motion to Vacate Arbitration Award (with respect to the award of legal fees) (Doc. 30) be denied.

(2) Plaintiff's Motion to Confirm Award (in relation to the letter of June, 1999 which requested Quentin Fields to return the securities to WMA) (Doc. 29) be denied as moot because the letter of June, 1999 did not constitute an award subject to confirmation.