The DISPATCH PRINTING
CO., Plaintiff,

v.

TEAMSTERS LOCAL UNION 284, Affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendant.

Civ. A. No. C2–89–479.

United States District Court,
S.D. Ohio, E.D.

Jan. 2, 1991.

Richard Alan Chesley, Jones, Day, Reavis & Pogue, Columbus, Ohio, for Dispatch Printing Co., plaintiff.

Jerry Lee Riseling, Columbus, Ohio, for Teamsters Local Union 284, defendant.

## OPINION AND ORDER

HOLSCHUH, Chief Judge.

Plaintiff, The Dispatch Printing Company, brings this action pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) against Teamsters Union, Local No. 284, seeking an Order by this Court vacating an arbitration award against it in favor of one of its employees. This matter is currently before the Court on plaintiff's Motion for Summary Judgment. Defendant has filed a Memorandum Contra Motion for Summary Judgment which requests judgment enforcing the arbitrator's award. The parties agreed to submit the matter for decision on a stipulated record, *see* September 8, 1989 Preliminary Pretrial Order, so the Court will consider defendant's request for judgment enforcing the arbitrator's award.

The Dispatch is an Ohio corporation engaged in the business of publishing and distributing a daily newspaper known as "The Columbus Dispatch." It has a collective bargaining agreement with Local 284 which establishes the terms and conditions of employment for Dispatch employees and which provides for the arbitration of grievances filed by employees.

Robert E. Taylor was a truck driver employed by The Dispatch since 1970. In February 1986, Taylor sustained a back injury which required him to refrain from working for an extended period of time. In late September 1987, Taylor sought to resume working at the Dispatch and presented a return-to-work slip from his physician, Dr. Master. Due to the severity of Taylor's injuries, the Dispatch requested a more detailed medical report from Dr. Master. On October 7, 1987 Taylor submitted a letter from Dr. Master which indicated that Taylor had not completely recovered

and should not return to work. (Plaintiff's Ex. A pg. 4–5).

Two months later Taylor produced a second letter from Dr. Master which stated that he was capable of returning to work on January 4, 1988. The Dispatch requested that Taylor see a specialist for a second opinion and scheduled an appointment with Dr. Season. Based on this report,[1] the Dispatch notified Taylor that he could not return to work. In response, Taylor filed a grievance with Local 284.

Pursuant to the collective bargaining agreement, the grievance was submitted to arbitration. Dr. Fred E. Kindig was selected to preside at the December 9, 1988 hearing. Kindig framed the issue presented as "whether or not the Company improperly refused to allow the Grievant to return to his job of truck driver in light of the medical evidence at the time." (Plaintiff's Ex. A, pg. 15). His decision is as follows:

1. As of January of 1988, based on the conflicting medical opinions at the time, the company improperly refused to allow the Grievant to return to work without resolving said conflict.

2. At that time, there should have been an attempt made to resolve the only disagreement between Dr. Master and Dr. Season; namely, whether or not the Grievant could return to his former job of truck driver.

3. The only remedy in this case is that such an attempt should be made. Therefore, the parties shall jointly select a third neutral doctor, and share the cost of such, to examine the Grievant and specifically determine whether or not he can return to his former job as truck driver. Both parties shall be bound by that decision.

4. Under the circumstances, there shall be no back pay.

(Plaintiff's Ex. A, pg. 20).

Plaintiff filed suit in this Court on May 31, 1989 seeking an Order vacating the arbitrator's opinion and award. The Dispatch asserts that by directing a third, neutral physician to examine Taylor, the Arbitrator added a new and non-negotiated dispute resolution procedure to the collective bargaining agreement. Furthermore, plaintiff claims that the Arbitrator failed to resolve the question presented to him, and his means of disposing with the dispute was beyond his authority. Defendant denies the allegations and further claims that plaintiff has failed to state a claim upon which relief may be granted.

The parties have no discovery and have agreed to submit the matter for decision on a stipulated record. Plaintiff now moves this Court pursuant to Rule 56 of the Federal Rules of Civil Procedure for an Order granting Summary Judgment in its favor, arguing that no genuine issues of material fact need be resolved at trial.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). Summary judgment, therefore, will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In a motion for summary judgment, the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in

---

**1.** According to Dr. Season, based on his examination, Taylor could have returned to his job as a truck driver. However, it appears that there were other medical reports along with Dr. Master's which were in conflict. Although not entirely clear, it seems it was because of the inconsistency in the various medical reports that the Dispatch declined to permit Taylor to return to his job. (Arbitrator's Opinion pp. 16–19).

the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *accord Adams v. Union Carbide Corp.*, 737 F.2d 1453, 1455–1456 (6th Cir.1984). The moving party is entitled to summary judgment "where it is quite clear what the truth is and where there are no unexplained gaps in documents submitted by the moving party pertinent to material issues of fact." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962); *accord County of Oakland v. Berkley*, 742 F.2d 289, 297 (6th Cir.1984); *Adickes*, 398 U.S. at 157–60, 90 S.Ct. at 1608–10; *Smith v. Hudson*, 600 F.2d 60, 65 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

If the moving party meets its burden and if adequate time for discovery has been provided, the opposing party is required to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof as well. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The mere existence of a scintilla of evidence in support of the opposing party's motion will be insufficient; the nonmoving party "must set forth *specific facts* showing that there is a genuine issue for trial." *Davis v. Robbs*, 794 F.2d 1129, 1130 (6th Cir.1986) (emphasis in original). As is provided in Fed.R.Civ.P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Therefore, a party may not rest on the allegations contained in his pleadings to overcome a properly supported motion for summary judgment. *First National Bank v. Cities Service Co.*, 391 U.S. 253, 259, 88 S.Ct. 1575, 1577–78, 20 L.Ed.2d 569 (1968) (footnote omitted).

Before a ruling on a motion for summary judgment can be made, the dispositive issues and factual inquiries relevant to the motion must be clearly delineated. With this standard in mind, the Court will proceed to consideration of the pending motion.

■ Arbitration, as a means of dispute resolution, is highly favored and courts have long refrained from involving themselves in the merits of arbitration awards. For over 30 years the *Steelworkers Trilogy* has mandated judicial restraint in the review and revision of arbitration procedures. *Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Courts do not weigh the merits of grievances, balance equities, or search for language in written agreements that support claims. *American Mfg.*, 363 U.S. at 568, 80 S.Ct. at 1346. Instead, courts are bound by the arbitrator's findings of fact and serve only as a mechanism to enforce the arbitrator's award. *International Brotherhood of Electrical Workers, Local 429 v. Toshiba America, Inc.*, 879 F.2d 208 (6th Cir.1989). Any more involvement by the courts would undermine the federal policy of settling labor disputes through independent grievance procedures. *Enterprise Wheel*, 363 U.S. at 596, 80 S.Ct. at 1360.

■ The standard of review in arbitration cases is extremely narrow. *Anaconda Co. v. International Assoc. of Machinists & Aerospace Workers*, 693 F.2d 35, 36 (6th Cir.1982). A court may not overrule an arbitration award simply because its interpretation of a contract differs from that of the arbitrator. *Enterprise Wheel*, 363 U.S. at 599, 80 S.Ct. at 1362. Nevertheless, an arbitrator's award is not legitimate unless it "draws its essence from the collective bargaining agreement." *Detroit Coil Co. v. International Asso. of Machinists and Aerospace Workers*, 594 F.2d 575 (6th

Cir.), *cert. denied,* 444 U.S. 840, 100 S.Ct. 79, 62 L.Ed.2d 52 (1979). The arbitrator is confined to interpretation and application of the collective bargaining agreement. *Enterprise Wheel,* 363 U.S. at 597, 80 S.Ct. at 1361. He may construe ambiguous contract language, but he is without authority to disregard or modify plain and unambiguous provisions. *Detroit Coil,* 594 F.2d at 579; *Dobbs Inc. v. Local No. 614, International Brotherhood of Teamsters, etc.,* 813 F.2d 85 (6th Cir.1987).

■ An award fails to derive its essence from the collective bargaining agreement when (1) it conflicts with the express terms of the agreement, *see, Grand Rapids Die Casting Corp. v. United Auto, etc.,* 684 F.2d 413 (6th Cir.1982); (2) it imposes additional requirements to the grievance procedures that are not expressly provided for in the agreement, *see Sears, Roebuck & Co. v. Teamsters Local Union No. 243,* 683 F.2d 154 (6th Cir.1982), *cert. denied,* 460 U.S. 1023, 103 S.Ct. 1274, 75 L.Ed.2d 495 (1983); (3) it is not rationally supported by the terms of the agreement, *see Timken Co. v. United Steelworkers of America,* 482 F.2d 1012 (6th Cir.1973); or (4) when the award is based on general considerations of fairness rather than on specific terms of the agreement, *see, United Auto etc. v. T.R.W., Inc.,* 402 F.2d 727 (6th Cir. 1968), *cert. denied* 395 U.S. 910, 89 S.Ct. 1742, 23 L.Ed.2d 223 (1969). Only in one of these instances is a court warranted in revising an arbitration award. *Dobbs Inc. v. Local No. 614, International Brotherhood of Teamsters, etc.,* 813 F.2d 85 (6th Cir.1987). However, as long as the arbitrator's interpretation of the contract and his award are arguably within the scope of his authority, the court may not overturn the decision even if "it is convinced he committed serious error." *United Paperworkers' International Union v. Misco. Inc.,* 484 U.S. 29, 38, 108 S.Ct. 364, 371, 98 L.Ed.2d 286 (1987).

■ For purposes of the pending motion, then, we must determine what factual issues, if any, exist with respect to the permissible scope of the arbitrator's authority to decide the issue presented and to fashion a remedy as defined by the collective bargaining agreement. It is generally understood that an arbitrator may look to many sources for guidance in tailoring his decision. *Warrior,* 363 U.S. at 581–582, 80 S.Ct. at 1352; *See also H.K. Porter Co. v. United Saw, File & Steel Products Workers,* 333 F.2d 596, 600 (3rd Cir.1964). In the absence of express provisions in the bargaining agreement regarding the procedures to be followed, the parties may agree on the means of disposing of grievances, *Rushton v. Howard Sober, Inc.,* 198 F.Supp. 337, 341 (W.D.Mich.1961), but any ambiguity about an arbitrator's authority to render his decision must be resolved in favor of the decision, *Air Line Pilots Association v. Northwest Airlines, Inc.,* 498 F.Supp. 613 (D.C.Minn.1980).

The relevant portions of the collective bargaining agreement between the Dispatch and Local 284 are as follows: Article XIV provides, in pertinent part, "In the event that the employer and the Union cannot agree on a resolution of the alleged grievance within (3) working days, the question may be submitted to binding arbitration...." Article XVII provides, in pertinent part, "The Employer and the Union agree that the grievance procedure provided herein is adequate to provide a fair and final termination of all grievances arising under the terms of this agreement." Although plaintiff describes these provisions as a "carefully negotiated and well-understood dispute resolution machinery," nowhere in the agreement do the parties define the scope of the arbitrator's authority, what remedies are available, or what alternative means of resolution are acceptable.[2] Therefore, given the great deference we must accord the arbitrator's decision, as long as the award is *arguably* within the

---

2. It may be that these procedures were outlined in prior agreements and are still followed by the parties. Plaintiff indicates that there have been a series of collective bargaining agreements in which the parties have simply referenced their past practices. However, none of these agreements are before the Court and there is no other indication of the intended scope of the arbitration procedures.

scope of his general authority, summary judgment in favor of the defendant is merited.

Plaintiff summarizes its contentions as follows:

... the Arbitrator exceeded his authority by: (1) not deciding the issue submitted to him; (2) attempting to delegate his authority contrary to the collective bargaining agreement; (3) failing to render a final and binding decision contrary to the contractual requirements; (4) attempting to impose without authority an alternative method of dispute resolution in cases involving conflicting medical opinion; and (5) directing a physical examination to determine Taylor's *current* physical fitness to return to work as a truck driver when the issue presented to him was Taylor's fitness in *January 1988.*

(Plaintiff's Motion for Summary Judgment, pg. 11). Its basic argument is that Arbitrator Kindig sidestepped his duty by not specifically determining whether plaintiff improperly refused to permit Taylor to return to work. (Plaintiff's contention no. 1). The Dispatch's argument proceeds on the assumption that because the Arbitrator stated that the basic issue was whether or not the Company improperly refused to allow Taylor to return to work, his authority was limited to disposing of that simple question alone and he failed to address it. On the contrary, the Arbitrator specifically held that "the Company improperly refused to allow the Grievant to return to work without resolving said conflict." (Plaintiff's Ex. A, pg. 20).

Since we find that the Arbitrator decided the issue presented to him, the only question that remains is whether the remedy imposed was within the scope of his authority. Each of plaintiff's remaining contentions deals with this issue. However, none convinces the Court that the Arbitrator exceeded his authority.

■ An arbitrator's choice of remedy stands on the same ground as his interpretation of the collective bargaining agreement and is subject to the same narrow review. As the Sixth Circuit has held:

[D]eference is particularly appropriate when the arbitrator's choice of remedy is disputed: 'When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. *This is especially true when it comes to formulating remedies.* There the need is for flexibility in meeting a wide variety of situations. The draftsmen [of the collective bargaining agreement] may never have thought of what specific remedy should be awarded to meet a particular contingency.'

*International Brotherhood of Electric Workers, Local No. 1842 v. Cincinnati Electronics Corp.,* 808 F.2d 1201, 1203 (6th Cir.1987) (emphasis and brackets in original) (quoting *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). "[J]ust as we must defer to an arbitrator's interpretation and application of a collective bargaining agreement, we must defer to an arbitrator's chosen remedies unless they demonstrate a 'clear infidelity' to the agreement itself." *National Post Office Mailhandlers, etc. v. United States Postal Service,* 751 F.2d 834, 842 (6th Cir.1985) (citation omitted). Therefore, so long as the remedy represents a fair solution to the dispute, the remedy awarded should be affirmed.

■ As noted earlier, the collective bargaining agreement does not make the slightest reference to the permissible scope of arbitration award remedies. Thus, there is no merit to the argument that because the agreement did not provide for examination by a neutral physician, such a remedy is violative of the terms of the collective bargaining agreement. The Sixth Circuit has noted that where the bargaining agreement is silent, "it falls to the arbitrator to fill the inevitable lacunae." *Sears, Roebuck & Co. v. Teamsters Local Union No. 243,* 683 F.2d 154, 156 (6th Cir.1982) (citation omitted). Where there is an ambiguity in the labor-management contract, the arbitrator has substantial leeway in framing relief. *Local 120 v. Brooks Foundry, Inc.,*

892 F.2d 1283 (6th Cir.1990), *Eberhard Foods, Inc. v. Handy,* 868 F.2d 890 (6th Cir.1989). Here the agreement does not provide for or preclude resort to a neutral physician, therefore, we cannot find that the Arbitrator delegated or exceeded his authority, (plaintiff's contentions no. 2 and 4), by engaging the skills of a doctor to resolve a medical dispute which he, himself, was unqualified to decide. In addition, on the present record, the Court cannot construe the "fair and final" language of the agreement to preclude the arbitrator from employing alternative remedies that are presented by his course of logic and fair dealing. (Plaintiff's contention no. 3).

We also reject plaintiff's final contention that the Arbitrator erred by requiring the physician to determine Taylor's current physical fitness to return to work. Taylor's purpose in filing a dispute was to return to his job. Determining whether the plaintiff was in error as of January 1988 would not have resolved what the Arbitrator referred to as the "only disagreement between Dr. Master and Dr. Season; namely, whether or not the Grievant could return to his former job of truck driver." (Plaintiff's Ex. A, pg. 20). Thus, we cannot find fault in the Arbitrator's decision to resolve the ultimate issue presented to him.

We note that it is the very nature of the arbitration process, unlike the trial system, to provide a good deal of latitude in the manner of resolving disputes. As Judge Learned Hand stated:

> Arbitration may or may not be a desirable substitute for trials in courts; as to that the parties must decide in each instance. But when they have adopted it, they must be content with its informalities; they may not hedge it about with those procedural limitations which it is precisely its purpose to avoid. They must content themselves with looser approximations to the enforcement of their rights than those that the law accords them, when they resort to its machinery.

*American Almond Products Co. v. Consolidated Pecan Sales Co.,* 144 F.2d 448, 457 (2nd Cir.1944). The dispute between the parties was submitted to arbitration in accordance with the collective bargaining agreement and plaintiff has failed to show that it was resolved in a manner that was clearly beyond the Arbitrator's authority. Accordingly, plaintiff's motion for summary judgment is hereby DENIED. Defendant's request for judgment enforcing the arbitrator's award is GRANTED. Plaintiff's complaint if hereby DISMISSED, and the Clerk of Courts shall enter JUDGMENT in favor of the defendant.