AUTOMATED TRACKING SYSTEMS, INC., Appellant,

v.

GREAT AMERICAN INSURANCE COMPANY, Appellee.

[Cite as *Automated Tracking Sys., Inc. v. Great Am. Ins. Co.* (1998), 130 Ohio App.3d 238.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18906.

Decided Oct. 14, 1998.

*Robert B. Casarona, Alan N. Hirth* and *David M. Cuppage,* for appellant.

*Peter J. Comodeca, Thomas I. Michals, Daniel J. McMullen* and *Mark L. Belleville,* for appellee.

BAIRD, Presiding Judge.

Plaintiff-appellant Automated Tracking System, Inc. ("ATS") appeals the decision of the Summit County Court of Common Pleas vacating the portion of an arbitration award which gave ATS $1,050,000 for attorney fees as part of ATS's expenses in the arbitration. We reverse.

On September 30, 1994, ATS and defendant-appellee Great American Insurance Company, Inc. ("GAI") entered into a service agreement. The contract provided that ATS would provide GAI with collateral insurance tracking services in exchange for a monthly fee.[1]

An arbitration clause at Paragraph 8.1 of the agreement provided that "[a]ny dispute or controversy arising under or in connection with this Agreement shall be determined and settled exclusively by arbitration before a panel of three arbitrators * * * in accordance with the Commercial Arbitration Rules of the American Arbitration Association ('AAA') then in effect." The arbitration clause further provided that the arbitrators' award "shall be final and binding upon the parties" and that "judgment may be entered on the arbitrators' award in any court having jurisdiction." In addition, the arbitration clause stated that the expense of the arbitration was to be determined by the arbitrators.

A dispute arose between ATS and GAI. The matter was submitted to arbitration pursuant to the contract between the parties. On September 29, 1997, the arbitrators made their decision and issued an order and award. In this order, the arbitrators found that GAI had materially breached the contract and that ATS had sustained damages as a result of the breach. The arbitrators found that ATS had sustained damages in the amount of $6,800,000, to which it was entitled in an award against GAI. Paragraph 8 of the order provided:

"Each party has requested attorneys' fees in this case. (A) Claimant for defense of the Copyright clause is obligated under the Contract to pay to Respondent, as part of the cost of expense of arbitration, attorneys' fees in the amount of $400,000 (four hundred thousand dollars) and (B) Respondent is obligated under the Contract to pay to claimant, as part of the costs of expenses of arbitration, attorneys' fees in the amount of $1,050,000 (one million fifty thousand dollars)."

After calculating all claims, deductions, and setoffs, the arbitrators found that ATS was entitled to a judgment in the amount of $7,450,000.

---

1. This is perhaps a gross oversimplification of the contract between ATS and GAI, but the vast majority of the contractual provisions are immaterial to this appeal.

On October 1, 1997, ATS filed an application for an order confirming the arbitration award. ATS requested in its application that the trial court confirm selected paragraphs of the arbitrators' order, including those paragraphs entitling ATS to damages and attorney fees. On October 7, 1997, GAI filed a brief in opposition to ATS's application, arguing that "[t]he order sought by ATS would prejudice GAI insofar as it would confirm portions of the arbitration award that operate to GAI's detriment, but omit other portions of that same award that would operate to GAI's benefit."

On October 16, 1997, ATS moved the trial court for prejudgment interest commencing on June 26, 1995, the date of the breach. The trial court expressly deferred ruling on this motion until after it had ruled on ATS's application to confirm the arbitration award.

On December 9, 1997, GAI moved to modify or vacate the arbitration award, arguing that the arbitrators exceeded their authority when they awarded attorney fees to ATS, that attorney fees to GAI should be increased, and that the award for damages to ATS and the denial of an award of damages to GAI were not sustained by the evidence. A hearing was held on December 18, 1997. On December 26, 1997, the trial court issued its final judgment entry in the matter. In its order, the trial court confirmed the order and award of the arbitrators, except for Paragraph 8(B), which contained the award to ATS of $1,050,000 in attorney fees. The trial court rendered its decision on December 26, 1997. ATS filed a timely notice of appeal from that order.

On January 7, 1998, ATS renewed its motion for prejudgment interest. On February 3, 1998, the trial court allowed ATS interest from the date of the arbitrators' order. ATS assigns two errors on appeal.

## I. Attorney Fees

ATS's first assignment of error is:

"The trial court erred to the prejudice of plaintiff-appellant in vacating Paragraph 8(B) of the arbitration order and award."

Arbitration is favored by the law because it provides the parties with a speedy and inexpensive method to resolve conflicts, and also unburdens crowded court dockets. *Lorain v. United Steelworkers of Am.* (April 10, 1996), Lorain App. No. 95CA006185, unreported, at 5–6, 1996 WL 170359, quoting *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St.3d 80, 83, 22 OBR 95, 97–98, 488 N.E.2d 872, 874–875. In furtherance of the policy favoring arbitration, an arbitration award is presumed valid, *Marra Constructors, Inc. v. Cleveland Metroparks Sys.* (1993), 82 Ohio App.3d 557, 562, 612 N.E.2d 806, 809, and the trial court's review of an arbitration award is

extremely narrow. *NCR Corp. v. Sac–Co, Inc.* (C.A. 6, 1995), 43 F.3d 1076, 1079. The Court of Appeals for the Eighth District aptly stated:

"The limited scope of judicial review of arbitration decisions comes from the fact that arbitration is a creature of contract. Contracting parties who agree to submit disputes to an arbitrator for final decision have chosen to bypass the normal litigation process. If parties cannot rely on the arbitrator's decision (if a court may overrule that decision because it perceives factual or legal error in the decision), the parties have lost the benefit of their bargain. Arbitration, which is intended to avoid litigation, would instead become merely a system of 'junior varsity trial courts' offering the losing party complete and rigorous *de novo* review." (Citation omitted.) *Motor Wheel Corp. v. Goodyear Tire & Rubber Co.* (1994), 98 Ohio App.3d 45, 52, 647 N.E.2d 844, 848.

"The proper scope of judicial review of an arbitrator's award [by the trial court] is established by Section 2711.10 of the Ohio Revised Code." *United Steelworkers of America, supra,* at 5, 1996 WL 170359. R.C. 2711.10 provides:

"In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
"* * *

"(D) The arbitrators exceeded their powers, or so imperfectly executed them that mutual, final, and definite award upon the subject matter submitted was not made."

"[A] court's inquiry [pursuant to Section] 2711.10(D) is limited. 'Once it is determined that the arbitrator's award draws its essence from the * * * agreement and is not unlawful, arbitrary or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end." *Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn.* (1990), 49 Ohio St.3d 129, 132–133, 551 N.E.2d 186, 190. An arbitration award "draws its essence from a[n] * * * agreement when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful." *Mahoning Cty. Bd. of Mental Retardation, supra,* 22 Ohio St.3d at 84, 22 OBR at 98, 488 N.E.2d at 875. In determining whether or not there is a "rational nexus," this court has interpreted the trial court's role as being extremely limited.

" 'Because the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept. Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts. To resolve disputes about the application of a[n] * * * agreement, an arbitrator must find facts and a court

may not reject those findings simply because it disagrees with them. The same is true of the arbitrator's interpretation of the contract. The arbitrator may not ignore the plain language of the contract; but the parties having authorized the arbitrator to give meaning to the language of the agreement, a court should not reject an award on the ground that the arbitrator misread the contract.' " *Summit Cty. Bd. of Mental Retardation & Dev. v. Am. Fedn. of State, Cty. & Mun. Emp.* (1988), 39 Ohio App.3d 175, 176, 530 N.E.2d 962, 963–964, quoting *United Paperworkers Internatl. Union, AFL–CIO v. Misco, Inc.* (1987), 484 U.S. 29, 37–38, 108 S.Ct. 364, 370–371, 98 L.Ed.2d 286, 299.

 Because we have the same information before us regarding the arbitration and the award as the trial court had before it when it vacated Paragraph 8(B) of the arbitrators' order, this appellate court will review the trial court's decision *de novo*. See *NCR Corp. v. Sac–Co., Inc.*, 43 F.3d at 1079. This court must decide (1) whether there was a rational nexus between the contract and the award of attorney fees to ATS, and if so, (2) whether the award was arbitrary, capricious, or unlawful. Mere error in the interpretation or application of the law will not suffice. The arbitrators' decision must "fly in the face of clearly established legal precedent" to support a vacation of the award. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros* (C.A. 6, 1995), 70 F.3d 418, 421.

 GAI argues that the award of attorney fees to ATS was improper for several reasons. First, GAI argues that the award of attorney fees to ATS did not draw its essence from the contract. Second, GAI argues that the American Rule prohibits an award of attorney fees. The American Rule provides that each party is responsible for its own attorney fees absent an express statutory provision or enforceable contract which states otherwise. *Alyeska Pipeline Serv. Co. v. Wilderness Soc.* (1975), 421 U.S. 240, 257–258, 95 S.Ct. 1612, 1621–1622, 44 L.Ed.2d 141, 153–154. However, *GAI* was awarded attorney fees in the amount of $400,000, and this award was *not* vacated by the trial court. It seems hypocritical for GAI to present these arguments when it does not argue that its own award of attorney fees was improper for these same reasons.

The arbitration clause expressly provided that the expense of the arbitration was to be determined by the arbitrators and that arbitrators' award "shall be final and binding upon the parties." In the minds of most people, attorney fees are among the expenses of arbitration. Therefore, there was a rational nexus between the contract and the award of attorney fees.

 Moreover, the award of attorney fees is not contrary to the law. As we stated above, the arbitrators' award of attorney fees to ATS was rationally related to the contract. In addition, the American Rule has no application in arbitration proceedings. *Tennessee Dept. of Human Serv. v. U.S. Dept. of Educ.*

(C.A. 6, 1992), 979 F.2d 1162, 1169. The American Arbitration Association's Commercial Arbitration Rules, Section 43 provides that the "arbitrator shall, in the award, assess arbitration fees, expenses and compensation as provided in Sections 48, 49, and 50 in favor of any party." Section 49 lists certain expenses of arbitration that the arbitrators may assess against "any specified party or parties." This list does not specifically include attorney fees, but it does not exclude attorney fees either. Section 49 simply states that "[a]ll expenses of the arbitration * * * shall be borne equally by the parties" unless the arbitrators assess such expenses otherwise. Also, Ohio law allows an award of attorney fees to the prevailing party in a breach-of-contract action if the parties provided for it in an enforceable contract. *Nottingdale Homeowners' Assn., Inc. v. Darby* (1987), 33 Ohio St.3d 32, 33, 514 N.E.2d 702, 704.

Third, GAI argues that the arbitration award was subject to modification pursuant to R.C. 2711.11 because ATS never asked the arbitration panel for attorney fees. R.C. 2711.11 provides that the trial court may modify or correct an arbitration award upon application of any party if "(B) [t]he arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted."

Arbitrators are given sweeping powers to fashion remedies, and "we must defer to an arbitrator's chosen remedies unless they demonstrate a 'clear infidelity' to the agreement itself." *Natl. Post Office Mailhandlers, Watchmen, Messengers & Group Leaders Div., Laborers Intl. Union of N.A., AFL–CIO v. United States Postal Serv.* (C.A. 6, 1985), 751 F.2d 834, 842. We find that the award of attorney fees to ATS was not clearly unfaithful to the contract between ATS and GAI.

GAI then argues that the arbitration panel awarded ATS damages on its breach-of-contract claims and not on its tort and statutory claims, and because ATS did not seek attorney fees in connection with its breach-of-contract claim, as it did with the tort and statutory claims, the arbitrators exceeded their authority by awarding such fees. This argument is not well taken for several reasons. Where the agreement is silent or ambiguous as to permissible remedies, "the arbitrator has substantial leeway in framing relief." *Dispatch Printing Co. v. Teamsters Local 284* (S.D.Ohio 1991), 782 F.Supp. 1201, 1206, affirmed (C.A. 6, 1991), 951 F.2d 348. In addition, when "determining the scope of an arbitration submission agreement, courts should consider, *inter alia,* the agreement itself, any correspondence between the parties, any written submissions to the arbitrator and arguments during arbitration to be relevant." *Motor Wheel Corp., supra,* 98 Ohio App.3d at 53, 647 N.E.2d at 849. The agreement itself allows the arbitrators to determine arbitration expenses, and does not specifically exclude

attorneys fees from such expenses. The arbitrators' order stated that both GAI and ATS were entitled to attorney fees *as part of the cost of expense of arbitration.* Reading the plain language of this order, we conclude that the award was not connected with a particular claim or claims, but was based on the arbitration clause in the contract. We hold that the award of attorney fees was not required to be connected to a particular claim or claims, given the arbitrators' leeway in fashioning a remedy, see *Dispatch Printing Co. v. Teamsters Local 284,* 782 F.Supp. at 1206, but can be based on and included in the expenses of the arbitration where the arbitration clause agreed to by the parties allows the arbitrators to determine and assess arbitration expenses.

In addition, assuming, *arguendo,* that an error in the application of the law or in the interpretation of the contract was made by the arbitrators, that error under the facts of this case does not rise to the level of a "manifest disregard of the law" that would justify a vacation or modification of the award.[2] See *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros,* 70 F.3d at 421. The trial court erred when it vacated Paragraph 8(B) of the arbitrators' order and award.

ATS's first assignment of error is, therefore, sustained.

## II. Prejudgment Interest

ATS's second assignment of error is:

"The trial court erred to the prejudice of plaintiff-appellant by failing to rule upon plaintiff-appellant's motion for prejudgment interest prior to entering final judgment."

On October 16, 1997, ATS moved the trial court for prejudgment interest. GAI, of course, opposed this motion, and ATS filed a reply brief in response to GAI's opposition. On December 10, 1998, the trial court issued an order expressly deferring its ruling on the motion for prejudgment interest until after it had ruled on ATS's application to confirm the arbitration award. On January 7, 1998, ATS renewed its motion for prejudgment interest before the trial court, arguing that it was entitled to prejudgment interest from "the undisputed date of

---

**2.** GAI argues that "ATS * * * cannot cite to any place in the 1994 Contract, the hundreds of pieces of correspondence exchanged between the parties, the voluminous pleadings and motions, or the three weeks of transcribed hearings where ATS requested attorney fees specifically for its breach of contract claim" and that "[S]uch a request was simply not made." In making this argument, GAI invites this court to conduct a "complete and rigorous *de novo* review" of the arbitrators' decision of the sort that was rejected by the court in *Motor Wheel Corp. v. Goodyear Tire & Rubber Co.* (1994), 98 Ohio App.3d 45, 52, 647 N.E.2d 844, 848–849. While we will review the trial court's order vacating the arbitrators' award *de novo,* for the policy reasons stated in the body of this opinion, we decline to review the arbitrators' award itself *de novo.*

GAI's breach of the 1994 contract, i.e. June 26, 1995, until payment in full," or in the alternative, from September 29, 1997, the date of the arbitration award, until payment in full.

ATS argues that the trial court erred by not ruling on its motion for prejudgment interest prior to rendering its decision on its petition to confirm the arbitration award. We see no prejudice to ATS resulting from the timing of the trial court's order regarding prejudgment interest. The issue was fully briefed by both sides. It seems to us that the real issue is: When does such interest begin to accrue? We decline, however, to address this issue. The judgment entry in which the trial court decides the issue of prejudgment interest is not contained in the record on appeal, and no attempt was made by ATS to include that judgment entry in the record.

A copy of the February 3, 1998 judgment entry was attached to ATS's brief. However, "[p]ursuant to App.R. 12(A), we are confined to reviewing the record as defined by App.R. 9(A). Materials * * * attached to [an appellate brief] are not part of the record and will not be considered by this court." *Kosa v. Pruchinsky* (1992), 82 Ohio App.3d 649, 651, 612 N.E.2d 1291, 1292.

ATS's second assignment of error is overruled. The judgment of the trial court as to the vacation of the arbitrators' award of attorney fees to ATS is reversed, and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed.*

DICKINSON, J., concurs.

REECE, J., concurs in judgment only.