DECISION
Respondent-appellant, Epstein Contracting, Inc., appeals from a judgment of the Franklin County Court of Common Pleas granting claimants-appellees, Victoria's Secret Stores, Limited Store Planning, Inc., and The Limited, Inc.'s ("appellees"), application to confirm an arbitration award.
This case arises out of construction work performed by appellant to convert a Manhattan, New York store space into a Victoria's Secret store. After appellant completed its work in the store, problems developed with the ceiling. Ultimately, the problems with the ceiling required the store to be closed for several months while repairs were completed. Consequently, on May 8, 1998, Victoria's Secret Stores and Limited Store Planning, Inc. filed a demand for arbitration with the American Arbitration Association ("AAA"), seeking damages from appellant arising from the costs of repairing the faulty ceiling, distributing the merchandise from the store in question to other stores, lost profits, and attorney fees. On April 13, 1999, Victoria's Secret Stores and Limited Store Planning, Inc. amended their arbitration demand to include The Limited, Inc., as a claimant and also a claim for indemnification.
On October 13, 1999, following several days of testimony, the AAA arbitrator awarded appellees $1,162,388.69 in damages, consisting of $314,523 for repair costs, $5,301.46 for distribution costs, $602,043 for lost profits, and $240,521.23 in attorney fees.
On October 14, 1999, appellees filed an application to confirm the arbitration award pursuant to R.C. 2711.09 in the Franklin County Court of Common Pleas. On October 28, 1999, appellant filed a combined memorandum opposing appellees' application to confirm the arbitration award and moving to vacate or modify the arbitration award. On November 5, 1999, appellees filed a combined reply memorandum in support of their application to confirm the arbitration award and memorandum in opposition to appellant's motion to vacate or modify the arbitration award. On November 11, 1999, appellant filed a reply memorandum in support of its motion to vacate or modify the arbitration award.
On January 18, 2000, the court of common pleas issued a decision granting appellees' application to confirm the arbitration award and denying appellant's motion to vacate or modify the award. Appellant appeals from the trial court's decision assigning the following errors:
 I. The Franklin County Court of Common Pleas erred in confirming the arbitrator's award of attorney fees to the Appellees.
 II. The Franklin County Court of Common Pleas erred by failing to conduct a hearing on Appellees' application to confirm arbitration award and Appellant's motion to vacate or modify arbitration award, therefore invalidating totally confirmation of the arbitration award.
In its first assignment of error, appellant argues that the trial court erred in failing to vacate or modify the arbitrator's award as the arbitrator exceeded his authority in awarding attorney fees[1] to appellees.
Judicial review of arbitration awards is narrowly circumscribed by R.C. 2711.10. Findlay City School Dist. Bd. of Edn. v. Findlay Edn.Assn. (1990), 49 Ohio St.3d 129, paragraph one of the syllabus; Goodyearv. Local Union No. 200 (1975), 42 Ohio St.2d 516, paragraph two of the syllabus. R.C. 2711.10 provides in relevant part:
 In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
* * *
 (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. (Emphasis added.)
Under R.C. 2711.10, an error of fact or law by an arbitrator does not provide a basis for vacating an arbitration award. Goodyear, supra, at 522; nor will an ambiguity in an arbitration award, which permits the inference that the arbitrator may have exceeded his authority, provide a sufficient basis for vacating the award so long as the award draws its essence from the parties' agreement. Ohio Office of Collective Bargainingv. Ohio Civil Service Employees Assn., Local 11, AFSCME, AFL-CIO (1991),59 Ohio St.3d 177, 179.
In the present case, appellant contends that the arbitrator exceeded his authority in awarding attorney fees to appellees because the award of attorney fees is not authorized by the applicable AAA arbitration rules or the parties' contract.
Initially, because the award of attorney fees at issue is arguably more plainly authorized by the 1997 AAA arbitration rules than the 1999 AAA arbitration rules, the parties disagree about which version of the rules governs the present arbitration.
The 1997 and 1999 AAA arbitration rules contain identical language pertaining to their applicability: "* * * These rules and any amendment of them shall apply in the form obtaining at the time the demand for arbitration or submission agreement is received by the AAA." Further, R-43 of both the 1997 and 1999 AAA rules provides:
 The arbitrator may grant any remedy or relief, including equitable relief, that the arbitrator deems just and equitable and within the scope of the agreement of the parties. The arbitrator shall, in the award, assess arbitration fees, expenses, and compensation as provided in Sections R-49, R-50, and R-51 in favor of any party and, in the event that any administrative fees or expenses are due the AAA, in favor of the AAA.
 However, R-43 of the 1999 rules also includes the following language:
 The award of the arbitrators may include: (a) interest at such rate and from such date as the arbitrators may deem appropriate; and (b) an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement.
Appellees, relying on the fact that they filed their original arbitration demand in May 1998, argue that the 1997 AAA rules apply to the instant arbitration. According to appellees, the broad language of R-43 in the 1997 AAA rules permits the arbitrator's award of attorney fees, as the award is authorized by section 4.16 of the parties' agreement.
Responding to appellees' argument, appellant contends that the 1999 AAA rules were applicable to the instant arbitration as the 1999 rules, rather than the 1997 rules, were in effect when appellees filed their amended demand for arbitration on April 13, 1999. Further, appellant contends that R-43 of the 1999 AAA rules does not authorize the award of attorney fees in this case. Specifically, R-43 of the 1999 AAA rules authorizes an award of attorney fees only where "all parties have requested such an award or it is authorized by law or their arbitration agreement." Thus, according to appellant, because it did not request an award of attorney fees before the arbitrator and because appellees did not contend that the award was authorized by statute or by the arbitration clause in the parties' agreement, the award is improper.
The arbitrator did not provide a written explanation of his award, nor was he required to do so. However, the arbitrator may give reasons and there was no request for an explanation, despite his invitation to seek one. Therefore, it is impossible to tell whether the arbitrator relied on the 1997 or 1999 AAA rules. However, such a determination is not critical to our ruling as both the 1997 and 1999 AAA arbitration rules authorize the arbitrator's award of attorney fees at least in some instances.
Both the 1997 and 1999 AAA rules authorize an arbitrator to "grant any remedy or relief * * * that the arbitrator deems just and equitable andwithin the scope of the agreement of the parties." (Emphasis added.) Here, section 4.16 of the parties contract provides:
 Indemnification. To the fullest extent permitted by law, the Contractor shall indemnify, defend and hold harmless the Owner, its affiliated corporations, the engineers and architects, their respective officers, employees and agents from and against any and all claims, suits or demands including cost, litigation expenses, counsel fees and liabilities incurred in connection therewith, arising out of injury to, or death of, any person, whatsoever or damage to property of any kind by whom so ever owned, to the extent caused by the acts, errors or omissions of the Contractor, or any firm, entity or other person for whose acts or omissions the Contractor is responsible, or any of them, while engaged in the performance of the Work, or out of the actual or alleged failure of the Contractor, Subcontractor or Sub-subcontractor to perform any obligations under the Contract Documents, Subcontract or Sub-subcontract. This indemnification obligation: (a) shall not be limited in any way by the amount or type of insurance carried by the Contractor or any Subcontractor or Sub-subcontractor or by the amount of damages, compensation or benefits payable under workers' compensation acts, disability benefit acts or other employee benefit acts; and (b) expressly extends to any matter for which the Owner or its affiliated corporations expends money, or becomes obligated to expend money, to indemnify, defend or hold harmless the landlord of the Project or any other person or entity pursuant to any lease or related document or agreement affecting the Project. Owner shall have the right, but not the obligation, to appoint counsel for and defend itself, at Contractor's expense, against civil, administrative, or criminal actions, suits or proceedings arising out of the foregoing even if any of the allegations thereof are groundless, false or fraudulent. (Emphasis added.)
Section 4.16 plainly authorizes an award of attorney fees against "the Contractor" (here appellant), and in favor of "the Owner" (here appellees), in an action for property damage which was caused by "the Contractor" or an entity for whose acts or omissions "the Contractor" was responsible. Appellant argues, however, that because section 4.16 is an "indemnification provision" it only imposes liability for attorney fees on "the Contractor" where such fees arise out of claims brought by third parties against "the Owner" and not, as in the present case, where the attorney fees arise out of a direct action by "the Owner" against "the Contractor."
The language of section 4.16 is at least ambiguous with respect to whether the provision only applies to direct actions by "the Owner" against "the Contractor," rather than indemnity actions. However, in order to find that the arbitrator acted within his authority in awarding attorney fees to appellees, the award need not be expressly authorized by section 4.16. In fact, given that an error of law is insufficient to support a finding that an arbitrator exceeded his authority, Goodyear,supra, at 522, we could not find that the arbitrator exceeded his authority in awarding appellees attorney fees even if we were to accept appellant's argument that section 4.16 does not authorize the award of attorney fees. Rather, the arbitrator's award must be upheld so long as it "draws its essence" from the parties' agreement. Ohio Office ofCollective Bargaining, supra, at 179.
An arbitrator's award will be found to "draw its essence" from the parties' agreement where "there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful." Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMREdn. Assn. (1986), 22 Ohio St.3d 80, paragraph one of the syllabus. Stated another way, an arbitrator's award will be found to depart from the essence of the parties' agreement only when: "(1) the award conflicts with the express terms of the agreement, and/or (2) the award is without rational support or cannot be rationally derived from the terms of the agreement." Ohio Office of Collective Bargaining, supra, at syllabus.
In the present case, because section 4.16 of the parties' agreement provides at least colorable support for the arbitrator's award of attorney fees, it cannot be said that the award conflicts with the express terms of the parties' agreement or that the award is without rational support in that agreement. Accordingly, the arbitrator did not exceed his authority in making the award of attorney fees to appellees. At most, the arbitrator's award of attorney fees constituted a mistaken interpretation of the law applicable to the facts of the damages available rather than an expansion of the arbitrator's power. These kinds of "mistakes" are not within the purview of the narrow reasons of R.C. 2711.10 for vacating an arbitrator's award.
Furthermore, there are equitable (and legal) reasons to allow attorney fees to appellees to make appellees whole for expenses arising out of appellant's breach of contract. Section R-43 has been interpreted to allow the award of relief arising out of the agreement even if not designated in the agreement. See Lee v. Chica (C.A.8, 1993), 983 F.2d 883, 887-888
and Raytheon Co. v. Automated Business Systems, Inc. (C.A.1, 1989),882 F.2d 6.
The "American Rule" concerning the award of attorney fees has no application in arbitration proceedings. Tennessee Dept. of Human Serv. v.U.S. Dept. of Educ. (C.A.6, 1992), 979 F.2d 1162, 1169; cited with approval in Automated Tracking Sys., Inc. v. Great Am. Ins. Co. (1998),130 Ohio App.3d 238.
Appellant's first assignment of error is overruled.
In its second assignment of error, appellant argues that the court of common pleas erred in failing to conduct a hearing on appellees' application to confirm the arbitration award and its own motion to vacate or modify the arbitration award.
R.C. 2711.05 sets forth the hearing procedure for applications to confirm arbitration awards pursuant to R.C. 2711.09, and motions to vacate or modify such awards pursuant to R.C. 2711.10 and 2711.11, respectively. R.C. 2711.05 provides:
 Any application to the court of common pleas under sections 2711.01 to 2711.15, inclusive, of the Revised Code, shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise expressly provided in such sections.
Civ.R. 7(B)(2) authorizes the courts of common pleas to "make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition." Pursuant to Civ.R. 7(B)(2), the Franklin County Court of Common Pleas has adopted Loc.R. 21.01 of the Court of Common Pleas of Franklin County, General Division, which provides in relevant part that: "* * * Oral hearings on motions are not permitted except upon leave of the Trial Judge upon written request by a party." Together, these provisions require the Franklin County Court of Common Pleas to conduct only non-oral hearings on applications to confirm arbitration awards or motions to vacate or modify such awards.
In the instant case, the decision of the court of common pleas in this matter indicates that the court did in fact conduct a non-oral hearing utilizing the various memoranda filed in support and opposition to appellees' application to confirm the arbitration award and appellant's motion to vacate or modify the award.
Appellant's second assignment of error is overruled.
Having overruled appellant's first and second assignments of error, the judgment of the trial court is affirmed.
 _________________ McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
LAZARUS and BOWMAN, JJ., concur.
[1] Appellant has not challenged the arbitrator's awards pertaining to repair costs, distribution costs, or lost profits.