OPINION
{¶ 1} In this appeal, Appellant Roger Faubel is attempting to vacate an agreed judgment entry of divorce issued by the Mahoning County Court of Common Pleas. Appellant alleges that counsel for Appellee Niki Faubel failed to prepare and submit a proposed judgment entry of divorce within the 30-day time period allotted by the trial court, and that the judgment entry did not conform to the parties' actual agreement. Appellant contends that the trial court abused its discretion by waiting two months before properly filing Appellant's motion to dismiss the divorce complaint, and abused its discretion in failing to sustain the motion to dismiss based on Appellee's failure to timely submit a proposed judgment entry. We find no abuse of discretion based on the record of this case, and Appellant has not shown that he was prejudiced by the alleged delays. The judgment of the trial court is therefore affirmed.
 {¶ 2} The parties were married on March 25, 1984, and had one child during the marriage. On February 6, 1998, Appellee filed for divorce in the Mahoning County Court of Common Pleas. A visiting judge was assigned to the case. Beginning on October 22, 2002, the trial court held a final divorce hearing. The parties recited into the record the terms of a complete divorce settlement agreement.
 {¶ 3} One of the terms of the agreement was that Appellant would transfer $50,000 to Appellee. (10/23/02 Tr., p. 4.) This transfer would consist of two elements. First, Appellant would transfer to Appellee his entire interest in his SEP account. "SEP" stands for Simplified Employee Pension Plan. The SEP account was valued at $33,611 at the time of hearing. The remainder of the $50,000 would be paid by Appellant in a lump sum, not from any designated account, within 30 days of the transfer of the SEP account. At the time of the hearing this additional payment would have been $16,389.
 {¶ 4} After all the terms were recited into the record, the court gave Appellee 30 days to prepare a journal entry memorializing the agreement. (10/23/02 Tr., p. 17.)
 {¶ 5} On April 30, 2003, Appellant filed a motion to dismiss the divorce case. The motion was premised on Appellee's failure to submit a draft journal entry within the 30-day time period that was set at the final divorce hearing. This motion has a handwritten certification by Appellant with a date of February 20, 2003.
 {¶ 6} On May 6, 2003, the trial court filed an agreed judgment entry of divorce. The parties agree that this judgment entry is based on a draft judgment entry submitted by Appellee's counsel in late April or early May of 2003. The trial court edited the draft judgment entry by crossing out certain items on pages 4, 9 and 10, and filed the edited copy as the court's judgment. The judgment entry incorporated a copy of the October 23, 2003, transcript as part of the judgment.
 {¶ 7} On May 16, 2003, Appellee filed a motion to correct the judgment entry nunc pro tunc. Appellee asserted that part of page 9 of the draft agreement should not have been deleted in the court's edited judgment entry.
 {¶ 8} On May 27, 2003, Appellant filed this timely appeal.
 {¶ 9} On June 9, 2003, the trial court granted Appellee's motion to amend the May 16, 2003, judgment entry nunc pro tunc. On the same day the trial court granted Appellant a stay of execution of the May 16, 2003, judgment contingent upon Appellant posting a $100,000 supersedeas bond.
 {¶ 10} On September 3, 2003, Appellant's counsel filed a notice directing the trial judge to personally appear for deposition, and a subpoena followed shortly thereafter. This Court issued a journal entry on October 14, 2003, dismissing the notice of deposition and the subpoena.
 {¶ 11} The record indicates that Appellant is involved in Chapter 7 bankruptcy proceedings, but that the bankruptcy court has granted relief from the automatic stay which occurs upon a bankruptcy filing. (10/20/03 Relief from Stay Order.)
 {¶ 12} As part of Appellee's brief in this Court, she includes a motion to dismiss the appeal as moot. Specifically, Appellee alleges that the dispute in this appeal is the $50,000 payment that Appellant is required to make as part of the May 16, 2003, judgment. Appellee has attached to her brief a number of photocopies indicating that Appellant has satisfied the $50,000 judgment. If these documents were part of the official record they might indeed provide a basis for dismissing the appeal, because, "a satisfaction of judgment renders an appeal from that judgment moot." Blodgett v. Blodgett (1990), 49 Ohio St.3d 243,245, 551 N.E.2d 1249. A reviewing court, though, is limited to reviewing the official record, and merely copying and attaching documents to an appellate brief does not make them part of the official record. App.R. 9(A); Automated Tracking Sys., Inc. v.Great Am. Ins. Co. (1998), 130 Ohio App.3d 238, 247,719 N.E.2d 1036. Further, the May 16, 2003, judgment entry of divorce deals with many other issues apart from the $50,000 payment owed by Appellant. This appeal, if successful, is intended to result in vacation of the entire judgment entry of divorce. Since oral argument was waived, there is no opportunity to question the parties about these matters, and the official record does not support Appellee's motion to dismiss.
 {¶ 13} Appellant presents two issues on appeal, contained in a single assignment of error and a single subissue:
 {¶ 14} "I. The trial court erred in not permitting defendant to file his motion to dismiss the divorce complaint."
 {¶ 15} "a. The Trial Court Erred to the Prejudice of the Defendant When it Entered Judgment for Divorce and Division of Property Based upon an Agreement Negotiated by the Parties on the Date of Trial but Which Plaintiff Failed to Reduce to Writing as Ordered by the Court for More than Nine and One Half Months after the Trial Date During Which Time Period the Marital Assets Were Decimated by a Financial Downturn in the Economy and Stockmarket."
 {¶ 16} Appellant first argues that it was an abuse of discretion for the trial court to overrule his motion to dismiss the divorce complaint. The motion was premised on Civ.R. 41(B)(1), which states:
 {¶ 17} "(1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
 {¶ 18} Appellant claims that Appellee failed to obey the trial court's order to prepare a draft judgment entry within 30 days of the October 23, 2002, hearing. Appellant alleges that the draft judgment entry was not submitted for nine and one-half months after the final divorce hearing. Based on Civ.R. 41(B)(1), Appellant believes that the trial court should have dismissed the divorce action as a sanction for failing to timely submit the draft judgment entry. Appellant also alleges that he was prejudiced by the delay due to a downturn in the stock market. According to Appellant, this downturn caused a significant amount of the marital assets to lose a large part of their value. This devaluation, according to Appellant, caused the division of marital assets to become unfair, as this division was based on valuations taken in October, 2002.
 {¶ 19} The issue Appellant has raised is reviewed on appeal for an abuse of discretion: "[t]he power to dismiss for lack of prosecution is within the sound discretion of the trial court, and appellate review is confined solely to whether the trial court abused that discretion." Pembaur v. Leis (1982),1 Ohio St.3d 89, 91, 437 N.E.2d 1199. Abuse of discretion implies that the court's attitude was arbitrary, unconscionable, or unreasonable. Id.
 {¶ 20} The Ohio Supreme Court has also held that, "[j]udicial discretion must be carefully- and cautiously-exercised before this court will uphold an outright dismissal of a case on purely procedural grounds." DeHart v. Aetna Life Ins. Co. (1982),69 Ohio St.2d 189, 192, 23 O.O.3d 210, 431 N.E.2d 644. "The law favors deciding cases on their merits unless the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order." Tokles Son,Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 632,605 N.E.2d 936.
 {¶ 21} Appellee argues that none of the cases cited by Appellant actually support the argument raised in this assignment of error. For example, Appellant cites the case of Foster v.Foster (Aug. 31, 1990), 6th Dist. No. S-89-21, in support. InFoster, the parties entered into an oral divorce agreement during a hearing held on October 19, 1988. The court ordered the wife to file a draft divorce judgment entry. On January 4, 1989, the husband filed a motion to dismiss the divorce proceedings based on the failure of the wife to timely file a draft judgment entry of divorce, and based on the unfairness of the original divorce agreement. The trial court had actually filed its own notice of intent to dismiss for failure to prosecute prior to the filing of the husband's motion. Nevertheless, the trial court overruled the husband's motion on April 7, 1989, and the final divorce decree was issued by the court on May 10, 1989. The Sixth District Court of Appeals found no abuse of discretion in the trial court's actions.
 {¶ 22} The facts of Foster provide a much stronger case for dismissal than those presented in the instant case, and yet,Foster was not dismissed on the basis of a failure to prosecute. In addition, in Foster, the trial court filed a notice of intent to dismiss the case for failure to prosecute, but did not act upon that notice. No notice of intent to dismiss was ever filed in the case sub judice. Such a notice, either expressed or implied, must be given to the offending party before the trial court may dismiss a case for failure to prosecute. Civ.R. 41(B)(1); Quonset Hut, Inc. v. Ford Motor Co. (1997),80 Ohio St.3d 46, 48, 684 N.E.2d 319. The purpose of notice is to, "provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice." Logsdon v. Nichols (1995),72 Ohio St.3d 124, 128, 647 N.E.2d 1361.
 {¶ 23} The record in this appeal reflects that Appellee was never given notice of an intent to dismiss the case for failure to prosecute, and it would likely have been an abuse of discretion for the trial court to grant Appellant's motion to dismiss without such notice. Additionally, it appears that the trial court properly gave Appellee's counsel an opportunity to correct the error and submit a draft judgment entry after Appellant filed his motion to dismiss. Appellee's counsel took advantage of that opportunity within a very short time, because Appellant's motion to dismiss was filed on April 30, 2003, and the final divorce decree (based on Appellee's draft judgment entry) was issued on May 6, 2003.
 {¶ 24} Other cases cited by Appellant are also inapposite to the issue raised in this appeal. Lambdin v. Lambdin (Jan. 30, 2002), 9th Dist. 3245-M, affirmed the dismissal of a divorce case for failure to prosecute, but only after the trial court had notified the parties of its intent to dismiss the case, and after the court had given the offending party an opportunity to submit a draft judgment entry of divorce.
 {¶ 25} Ohio Civ. Serv. Emp. Assn., AFSCME, Local 11, AFL-CIOv. Ohio Dept. of Transp. (1995), 104 Ohio App.3d 340,662 N.E.2d 44, involved a dismissal of a complaint based on mootness and not on a failure to prosecute.
 {¶ 26} Cent. Motors Corp. v. Pepper Pike (1983),9 Ohio App.3d 18, 457 N.E.2d 1178, questioned whether a zoning complaint should be dismissed for mootness, and did not involve the issue of dismissal for failure to prosecute.
 {¶ 27} We are not persuaded by Appellant's argument. Based on the broad discretion of the trial court, it did not abuse its discretion in overruling Appellant's motion to dismiss the divorce complaint.
 {¶ 28} Appellant's second argument in this appeal alleges what we can only assume is some sort of due process error in the trial court's alleged delay in processing and file-stamping Appellant's motion to dismiss the divorce complaint. The motion to dismiss bears a handwritten date of February 20, 2003, but bears a court file-stamp date of April 30, 2003.
 {¶ 29} Appellant argues that the local rules of the domestic relations court preclude a party from filing a motion directly with the Clerk of Courts until a date is set for a hearing on the motion, and that the Clerk of Courts refused to set a hearing date. Appellant does not indicate which specific local rule contains this prohibition, but he is apparently referring to Mahoning County Court of Common Pleas, Domestic Relations Division, Local Rule 8.07, which states:
 {¶ 30} "8.07 Scheduling: All motions shall first be scheduled for hearing by the Assignment Commissioner, then filed with the Clerk of Court and shall be subject to either affidavit or evidentiary hearing. The Assignment Commissioner shall refuse to accept for filing any motion which fails to comply with these Rules."
 {¶ 31} Appellant's argument is based on facts that cannot be verified in the official record. Although Appellant's motion does appear to have a hand-written date more than two months earlier than the file-stamped date, it would be pure speculation on the part of this Court to attribute those two divergent dates to the refusal of the Clerk of Courts to file the motion to dismiss. The two dates could just as easily be explained by presuming that counsel prepared the document in February and brought it to the Clerk of Courts in April.
 {¶ 32} At any rate, even if Appellant's accusation is true, it would be difficult to see how there was any prejudice in the delay. Even under Appellant's scenario, he did not attempt to file the motion to dismiss until four months after the final divorce hearing, and three months after the deadline had passed for Appellee to file a draft judgment entry. Despite Appellant's delay in attempting to have the case dismissed, he now argues on appeal that time was of the essence in preparing a draft judgment entry. There is no indication in the transcript of the October 23, 2002, hearing that time was of the essence. Appellant's decision to wait three months or more to file his motion to dismiss certainly does not support the conclusion that the 30-day time limit in preparing the draft judgment entry was essential to the validity of the oral divorce agreement. Furthermore, it is worth noting that the Dow Jones Industrial Average (DJI) actually rose during the period of October 23, 2002, to May 6, 2003. On October 23, 2002, the DJI was 8443.99, and on May 6, 2003, it was at 8588.36. We do not see how Appellant was prejudiced by a delay that corresponded with an upturn in the stock market.
 {¶ 33} For the reasons stated above, Appellant's assignment of error is overruled, and the judgment of the Mahoning County Court of Common Pleas, Domestic Relations Division, is hereby affirmed in full.
Donofrio, J., concurs.
Vukovich, J., concurs.